Shaw, C. J.
The court are of Opinion, that the process, given by Rev. Sts. c. 104, will not fie in the present ease.
The evidence is reported, and it certainly falls far short of *31 proving a forcible detainer. Saunders v. Robinson, 5 Met. 343; Kingsley v. Ames, 2 Met. 49.
Then the question is, whether the process can be maintained on the other branch of the statute, designed to afford remedies as between landlord and tenant. Rev. Sts. c. 104, § 2. The words are, “ and also when the lessee of any lands or tenements, or any person holding under such lessee, shall hold possession of the demised premises, without right, after the determination of the lease, either by its own limitation, or by a notice to quit,” then the person entitled to the premises may be restored to possession.
Upon the evidence reported, we can see no ground to hold that the defendant ever held or claimed to hold, as a tenant of Cutler, or under any lease or demise whatever. Cutler obtained a judgment against Clarke, and on habere facias received seizin and possession. The defendant had no longer any right of possession. Cutler had the right and the actual possession. During some negotiation for a lease, the defendant was not turned out as he might have been; but his possession was merely permissive and temporary, as under a license, and not under any demise. Whatever was the right of the defendant, as mortgagor, before this judgment and execution, it was thereby put an end to.
But whilst the parties stood in the relation of mortgagor and mortgagee, and before judgment and execution, we think the defendant was not lessee, within the meaning of this statute. A mortgagor in possession is sometimes, in a loose sense, said to be tenant at will to the mortgagee. But he is not liable to rent, or to account for rents and profits ; these he holds to his own use. He is like a tenant at will, because the mortgagee may enter upon the estate at his will, if he can do so peaceably, when not restrained by covenant. Moss v. Gallimore, 1 Doug. 265, 269.
But were the law otherwise, in this respect, it would not alter the present case, because the defendant is not in as a lessee, whose term has expired, and clearly is not within the statute. New trial ordered