CHRIS PEDERSEN, Individually and as Agent, in Behalf of Himself and All Other Employees of the ·Defendant Similarly Situated, Respondent, *v.* J. F. FITZGERALD CONSTRUCTION COMPANY, Appellant.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents, in opinion.

Schenck, J. (dissenting). Plaintiff brought this action in his own behalf, and as representative of certain other employees of defendant, styled in the complaint as coplaintiffs, to recover overtime wages and an equivalent amount as liquidated damages, pursuant to the provisions of sections 7 and 16 of the Federal Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, §. 207, subd. (a), § 216, subd. (b)]. The case was first tried before Mr. Justice Bergan on an agreed statement of facts, of which the following parts are material upon this appeal:

"1. The New York Central Railroad Company, as lessee of the Boston and Albany Railroad, operated trains between the States of New York and Massachusetts over four bridges located on the railroad right of way in the Town of Chatham, Columbia County, New York.

"2. In September, 1938, abutments supporting two of said bridges were completely washed out and destroyed and the substructures of the other two bridges were damaged by a flood.

"3. Thereafter, the railroad company entered into a contract with the defendant, an independent contractor engaged in general construction work, for the construction of entirely new abutments under the two bridges where the abutments had been washed out and destroyed, as aforesaid, and for repairing the substructures of the other two bridges which had been damaged, as aforesaid. ° * °

"6. Defendant employed plaintiffs, together with other individuals, as its employees in doing work under said contract and paid them at the rates per hour, as shown on Schedule 'A' annexed hereto. * * *

"10. After October 24, 1938, until the completion of said work by the defendant under said contract, each plaintiff worked for defendant the number of hours per week and was paid by the defendant at the hourly rate of pay as shown on Schedule 'A' annexed hereto."

Dismissal of the complaint by Mr. Justice Bergan (173 Misc. 188) was affirmed by this court (262 App. Div. 665) and in the Court of Appeals (288 N. Y. 687).

Application by plaintiff to the Supreme Court of the United States for a review of the judgment entered upon the remittitur from the Court of Appeals resulted in the following decision (318 U. S. 740) announced February 8, 1943: "Per Curiam: Petition for writ of certiorari granted. Judgment reversed on the authority of Overstreet v. North Shore Corporation", which had been decided February 1, 1943 (318 U. S. 125). It is stated in plaintiff's brief on this appeal, as also on the oral argument thereof before this court, that the reversal by the Supreme Court was without having heard argument, for which defendant thereafter applied, with the result that on March 8, 1943, the Supreme Court amended its judgment of reversal by adding thereto the following (318 U. S. 742): " and without prejudice to a determination of the nature of the employment of any members of the class on whose behalf this suit has been brought." The mandate of the Supreme Court of the United States, under date of March 18, 1943, remanded the case to the Supreme Court of this State

"in order that such execution and further proceedings may be had in the said cause, in conformity with the judgment and decree of this court above stated, as according to right and justice, and the Constitution and laws of the United States, ought to be had therein", whereupon an order was entered in Columbia County Clerk's office conformable with the mandate.

Under date of May 3, 1943, defendant, "upon the record on appeal, the judgments of the Appellate Division, Third Department, Court of Appeals, United States Supreme Court, the mandate of the United States Supreme Court herein, and all other papers and proceedings herein", noticed a motion at the Albany County Special Term "for judgment dismissing the complaint". Under the same date, upon the affidavit of Mr. Connor, one of plaintiff's attorneys, the mandate of the Supreme Court of the United States, the order and judgment of the Supreme Court of this State entered thereon and "upon the record on appeal and all other papers and proceedings herein", plaintiff noticed a motion for the same Special Term "for summary judgment in favor of the plaintiff and against the defendant, in accordance with the provisions of rule 113 of the Rules of Civil Practice, and for such other and further relief as to the court may seem just and proper, together with the costs of this motion". Pursuant to an opinion at Special Term, defendant's motion for a dismissal of the complaint was denied by the order entered June 18, 1943; and plaintiff's motion for summary judgment was granted by the order entered June 16, 1943, on which judgment in accordance therewith was entered, awarding to plaintiff against defendant damages in the amount of $7,186.72, besides interest thereon amounting to $1,824.30, costs of $557.33 and attorneys' fees of $3,000, an aggregate of $12,568.35. For several reasons the judgment thus entered and the order directing its entry cannot stand:

1. As a matter of practice, plaintiff's motion, purporting on its face to be "for summary judgment in favor of the plaintiff and against the defendant, in accordance with the provisions of rule 113 of the Rules of Civil Practice", was nothing of the kind. To sustain a summary judgment under rule 113 "there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court 'by affidavit or other proof' that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears." (*Curry* v. *Mackenzie*, 239 N. Y. 267.) The order granting summary judgment contains a recital "that the defendant has not shown such facts as to entitle it to further defend this action", but a defendant is not required to make such a showing unless and until plaintiff has first established by affidavit what is *prima facie* a proper case for summary judgment. (*Tidewater Oil Sales Corp.* v. *Pierce*, 213 App. Div. 796; *Connor* v. *Commercial Travelers Mut. Acc. Assn. of America*, 247 App. Div. 352.) Furthermore, the moving papers on an application under rule 113 are insufficient if they contain no averment of plaintiff's belief that there is no defense to the action. (*Universal Credit Co.* v. *Uggla*, 248 App. Div. 848.) Here plaintiff's moving affidavit meets none of the requirements of the rule, but, obviously with a view to affording a basis for an allowance for attorneys' fees under the Federal Fair Labor Standards Act, is confined to a detailed statement of the services performed by plaintiff's attorneys in the prosecution of this action.

2. Moreover, the Supreme Court of the United States manifestly contemplated a trial of this case upon the merits, else it would have directed the entry of a judgment in favor of plaintiff instead of modifying on March 8, 1943, its

judgment of the preceding February 8th by adding thereto the provisions that such judgment be "without prejudice to a determination of the nature of the employment of any members of the class on whose behalf this suit has been brought."

3. Passing from consideration of questions of practice to the merits, it is apparent that the Supreme Court thus modified, on March 8, 1943, its judgment of the previous February 8th because it recognized the need for proof of his engagement by defendant in interstate commerce before any plaintiff could recover herein. So the Supreme Court had held in *Overstreet* v. *North Shore Corp.* (318 U. S. 125), decided February 1, 1943, one week before the date of its decision herein granting certiorari and reversing the judgment below. Its ruling in the *Overstreet* case was but a reiteration (p. 132) of earlier pronouncements by the Supreme Court that "the application of the Act depends upon the character of the employees' activities" (*Kirschbaum Co.* v. *Walling*, 316 U. S. 517, 524; *Walling* v. *Jacksonville Paper Co.*, 317 U. S. 564, 571), the controlling effect of which the Court of Appeals has very recently recognized (*Stoike* v. *First Nat. Bank*, 290 N. Y. 195, 201).

4. To be entitled to recover herein, each plaintiff must establish that his employment by defendant was in interstate commerce, or was so closely related to such commerce "as to be in practice and in legal contemplation a part of it", and whether such was the nature of his engagement is determinable by the same tests which control in cases involving classification within or without the Federal Employers' Liability Act. (U. S. Code, tit. 45, § 51 *et seq.; Overstreet* v. *North Shore Corp.*, 318 U. S. 125, 129, *supra; Stoike* v. *First Nat. Bank*, 290 N. Y. 195, 203, *supra.*)

5. It remains to consider whether the terms of the agreed statement of facts, hereinbefore quoted, are broad enough to justify the deduction, expressed in the opinion of the learned justice at Special Term, "that defendant was engaged in certain work, and that plaintiff and his associates were its employees, not generally, but in doing this particular work. * * * Such, I think, was the fair import of the facts as contemplated by the parties when the agreed statement was made." In reaching such conclusion the opinion below stressed paragraphs 2, 3 and 6 of the agreed statement of facts hereinbefore set forth. But in *McLeod* v. *Threlkeld* (319 U. S. 491, 495), decided June 7, 1943, the day before the date of the Special Term's opinion herein, the Supreme Court recognized that an employee's task may be substantially related to repair work upon an instrumentality of interstate commerce, and yet may not be "so closely related to interstate transportation as to be in practice and legal relation a part thereof". By that decision a recovery under the Federal Fair Labor Standards Act was denied to a cook who prepared and served meals for a gang engaged in repairing a railroad's tracks devoted to interstate transportation. It is fair to assume that the *McLeod* case was not brought to the attention of the court below, else its opinion would have referred thereto if, indeed, the decision in that case might not have impelled the court below to a different disposition of plaintiff's motion for judgment. The most that can fairly be inferred from the agreed statement of facts is that plaintiffs did work in connection with the construction and repair project on which defendant was engaged, there being nothing in the record to indicate the relationship which the respective tasks of the several plaintiffs bore to the construction and repair work. Thus, plaintiff "A" would be entitled to recover if his task was to tamp ballast between the ties of the tracks. (*New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147.) Not so plaintiff "B" if his task was to supply

dry sand to an engine used in the work of construction and repair. (*Erie R. R. Co.* v. *Szary*, 253 U. S. 86, as overruled in *Chicago & Eastern Ill. R. R. Co.* v. *Ind. Comm. of Illinois*, 284 U. S. 296). Plaintiff " C " could recover herein if his job was to flag trains in transit interstate over the tracks while the work of construction and repair was in progress. (*Philadelphia & Reading Ry. Co.* v. *Di Donato*, 256 U. S. 327.) But not plaintiff " D " if he was a cook who prepared and served meals for the repair and construction gang. (*McLeod* v. *Threlkeld, supra.*) Hence the need, under the doctrine of the *Overstreet* and *McLeod* cases (*supra*) that each plaintiff, as a condition precedent to recovery herein, establish not merely that he was employed by defendant " in doing work under said contract ", as stipulated in the agreed statement of facts, but also that his task bore such a close relation to interstate commerce " as to be in practice and in legal contemplation a part of it ". On the authority of *Warren-Bradshaw Drilling Co.* v. *Hall* (317 U. S. 88) the Court of Appeals has observed: " There seems to be no question that the federal statute casts upon the plaintiff the burden of proving that in the performance of work for which he was employed by the defendant he was engaged in interstate commerce or in the production of goods for interstate commerce · during the period of asserted overtime employment." (*Stoike* v. *First National Bank*, 290 N. Y. 195, 200, *supra.*) From the burden so imposed the several plaintiffs in this case have not been relieved by the agreed statement of facts.

While reversal of the judgment which we are reviewing would relieve defendant of the interest and of the item for costs in which were included those on the former appeal to this court and on the appeal to the Court of Appeals, it would seem proper to say, for the guidance of the court on a new trial, that plaintiff's claim for an award of interest on the damages recovered runs counter to the principle which controlled the decision in *Murmann* v. *N. Y., N. H. & H. R. R. Co.* (258 N. Y. 447). Nor, unless awarded by this court or by the Court of Appeals (and they have not been in this case), can the costs of those appeals be recovered by plaintiff, since the Special Term was without power to award them. (*Green* v. *Supreme Council of Royal Arcanum*, 91 Misc. 606; Carmody, New York Pleading and Practice, vol. 11, § 417; *People ex rel. Keene* v. *Supervisors*, 83 Hun 237.) Costs can only be awarded pursuant to statutory provisions (*Osborn* v. *Cardeza*, 208 N. Y. 131), and article 85 of the Civil Practice Act will be searched in vain for the grant of power in a trial court to award costs of earlier appeals. Section 1490 of the Civil Practice Act, cited by plaintiff, is inapplicable to the situation with which we are dealing, for the judgment of this court and of the Court of Appeals, awarding costs to defendant, as a successful respondent, have been reversed, while plaintiff, as appellant on those appeals, could have become entitled to costs of his appeals in the State courts only had he secured a reversal there. This is, therefore, a case where neither party is entitled by statute to costs of the appeals taken by plaintiff to the State courts. (*Price* v. *Price*, 61 Hun 604, 606; *Matter of Protestant Episcopal Public School*, 86 N. Y. 396.)

The court below properly denied defendant's motion for a dismissal of the complaint. On the argument before us the question was raised whether defendant, by making that motion, had conceded the allegations of the complaint, as would undoubtedly be true had the motion been made on the pleadings only, under rule 112 of the Rules of Civil Practice; but defendant's notice of motion, " for judgment dismissing the complaint ", specified not only the pleadings but also " all other papers and proceedings herein " which, under section 476 of the Civil Practice Act, included the admissions contained in the agreed statement

of facts. Those admissions, however, though insufficiently broad to justify, without proof, a recovery in favor of each plaintiff, are comprehensive enough to withstand a dismissal of the complaint upon motion. Plaintiff and his coplaintiffs are entitled to make proof in support of the allegation in the complaint that they " were so engaged in interstate commerce in work on the said bridges as employees of the defendant ", taken in connection with the concession in the agreed statement of facts that defendant employed them " in doing work under said contract ". That such work brought them within the provisions of the Fair Labor Standards Act is for each plaintiff to prove.

The summary judgment and order entered June 16, 1943, awarding plaintiff a recovery, should be reversed on the law and the facts, with costs to appellant, and plaintiff's motion for summary judgment denied, with ten dollars costs. The order entered June 18, 1943, denying appellant's motion to dismiss the complaint, should be affirmed, with ten dollars costs and disbursements.