CHRIS PEDERSEN, Individually and as Agent and Representative for and in Behalf of Himself and All Other Employees of the Defendant Similarly Situated, Respondent, *v.* J. F. FITZGERALD CONSTRUCTION COMPANY, Appellant.

Argued April 14, 1944; decided June 14, 1944.

*Charles E. Nichols* and *Henry E. Foley* of the Massachusetts Bar, for appellant.   I. Plaintiffs failed to comply with the requirements of Rule 113.   (*Curry* v. *Mackenzie,* 239 N. Y. 267; *State Bank* v. *Mackstein,* 123 Misc. 416; *First Trust & Deposit Co.* v. *Holt & Thomas, Inc.,* 236 App. Div. 714; *Bergman* v. *Santamaria,* 244 App. Div. 819.)   II. Plaintiffs are not entitled to recover upon the record herein and their motion for summary judgment should therefore have been denied.   No plaintiff is entitled to recover herein in the absence of an affirmative showing that such plaintiff was engaged in interstate commerce.   (*Kirschbaum Co.* v. *Walling,* 316 U. S. 517; *McLeod* v. *Threlkeld,* 319 U. S. 491; *Stoike* v. *First National Bank,* 290 N. Y. 195; *Warren-Bradshaw Co.* v. *Hall,* 317 U. S. 88; *Skidmore* v. *Swift & Co.,* 136 F. 2d 112.)   III. No plaintiff was " engaged in commerce " within the meaning of that term in the Act, unless his individual activity was in or was so closely related to the movement of commerce as to be in practice and in legal contemplation a part of it.   (*Overstreet* v. *North Shore Corp.,* 318 U. S. 125; *Stoike* v. *First National Bank,* 290 N. Y. 195; *Shanks* v. *Del., Lack. & West. R. R. Co.,* 239 U. S. 556; *Chicago & N. W. Ry. Co.* v. *Bolle,* 284 U. S. 74; *N. Y., N. H. & H. R. R. Co.* v. *Bezue,* 284 U. S. 415; *Chicago & E. I. R. R. Co.* v. *Commission,* 284 U. S. 296; *McLeod* v. *Threlkeld,* 319 U. S. 491.)   IV. No plaintiff has shown that he was at any time engaged in commerce or in activity so closely related to the movement of commerce as to be in practice and in legal contemplation a part of it.   V. The Special Term exceeded its authority in purporting to award costs to plaintiff in all courts. (*Stevens* v. *Central Nat. Bank,* 168 N. Y. 560; *Green* v. *Supreme Council of Royal Arcanum,* 91 Misc. 606.)   VI. Interest may not properly be included in a judgment entered under the Fair Labor Standards Act.   (*Terner* v. *Glickstein & Terner, Inc.,* 283 N. Y. 299; *Murmann* v. *N. Y., N. H. & H. R. R. Co.,* 258 N. Y. 447; *Campbell* v. *Savelo,* 243 Ala. 361.)

*William E. J. Connor* for respondent. I. The order granting summary judgment is based on sound reasoning and was amply supported by the record. (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Tidewater Oil Sales Corp.* v. *Pierce,* 213 App. Div. 796; *Pedersen* v. *Del., Lack. & West. R. R.,* 229 U. S. 146; *McLeod* v. *Threlkeld,* 319 U. S. 491.) II. The reversal by the United States Supreme Court was with costs and the plaintiffs are entitled to costs in all courts. (*Universal Credit Co.* v. *Uggla,* 248 App. Div. 529; *Donovan* v. *Vandemark,* 22 Hun 307; *Carpenter* v. *Manhattan Life Assurance Co.,* 25 Hun 194; *Harrison* v. *Swart,* 34 Hun 259; *Matter of Hood,* 30 Hun 472; *Rust* v. *Hauselt,* 14 Jones & Sp. 38.) III. The Trial Justice was correct in including interest in the recovery. (Civ. Prac. Act, § 480; *Greater New York Coal & Oil Corp.* v. *Philadelphia & Reading Coal & Iron Co.,* 252 App. Div. 883; *Morgan L. Co.* v. *N. Y., N. H. & H. R. R. Co.,* 262 N. Y. 234; *Sweeney* v. *City of New York,* 173 N. Y. 414; *White et al.* v. *Miller,* 78 N. Y. 393; *Quinn* v. *Signetto,* 229 App. Div. 727; *Freedman* v. *Hart & Early Co., Inc.,* 162 Misc. 487; *Maddox* v. *Jones,* 42 F. Supp. 35; *La Guardian* v. *Austin-Bliss General Tire Co.,* 41 F. Supp. 678; *Sneider* v. *Sports Vogue,* 35 N. Y. S. 2d 341; *Funkhouser* v. *Preston Co.,* 290 U. S. 163; *Preston Co.* v. *Funkhouser,* 261 N. Y. 140; *Schumacker* v. *Leterman,* 14 F. Supp. 1015; *Klausner* v. *Queens Fur Dressing Co., Inc.,* 130 Misc. 579.)

LOUGHRAN, J. This action was brought under section 16-b of the Fair Labor Standards Act (52 Stat. 1060; U. S. Code, tit. 29, § 201 *et seq.*) by employees against their employer to recover overtime compensation plus an equivalent amount as liquidated damages. The question was whether at the time in issue the plaintiffs were " engaged in commerce " in the sense of that phrase as used in sections 6 and 7 of the Act. (See *Stoike* v. *First National Bank,* 290 N. Y. 195.)

Special Term dismissed the complaint (173 Misc. 188) and its judgment was affirmed by the Appellate Division (262 App. Div. 665) and by this court (288 N. Y. 687). The Supreme Court of the United States reversed and by its mandate sent the case back to the Supreme Court of New York for further appropriate proceedings, but " without prejudice to a determination of the nature of the employment of any members of

the class on whose behalf this suit has been brought.'' (318 U. S. 740, 742.) After that ultimate decree had in due course been made the judgment of the Supreme Court of New York, the plaintiffs moved, for a summary recovery under rule 113. Special Term granted that motion and denied a cross motion by the defendant for dismissal of the complaint. The Appellate Division affirmed, one Justice dissenting, and the controversy is now before us a second time on an appeal by the defendant from that determination.

The case was originally submitted upon an agreed statement of facts which has never been altered in any way. It is thereby stipulated that the work on which the plaintiffs' claims are based was done by them under a contract through which the defendant undertook with a railroad company to reconstruct two bridges that were instrumentalities of interstate commerce. (262 App. Div. 665, 667.) These conceded facts are now said by the defendant to be insufficient as a basis for disposition of the issue as to whether the plaintiffs were " engaged in commerce " at the time they were so employed.

We concur with the courts below in their rejection of that contention. The agreed statement of facts on the face of it was a case within the statute. (*McLeod* v. *Threlkeld,* 319 U. S. 491, 494.) No other or different showing was attempted by the defendant on the present motions, despite the proviso we have quoted from the mandate of the higher court. On the record as it stood, a summary judgment for the plaintiffs was inevitable.

The remaining questions have to do with costs and interest that were allowed to the plaintiffs.

The award to them of costs in all courts was not unauthorized. (Civ. Prac. Act, § 1470, subd. 11; *Murtha* v. *Curley,* 92 N. Y. 359, 361–362.) *Stevens* v. *Central Nat. Bank* (168 N. Y. 560) is not authority for a different view. In the *Stevens* case this court was reversed by the Supreme Court of the United States on one point, but the substance of our judgment in favor of the plaintiffs was left undisturbed and in that situation the defendants were not to be treated as parties who had ultimately prevailed.

As we read the Federal cases, the liability for liquidated damages under the Fair Labor Standards Act is contractual in

character. (*Overnight Motor Co.* v. *Missel,* 316 U. S. 572, 583; *Northwestern Yeast Co.* v. *Broutin,* 133 F. 2d 628; see, too, *Cox* v. *Lykes Brothers,* 237 N. Y. 376; *Wright* v. *State of New York,* 223 N. Y. 44; *Calvin* v. *Huntley,* 178 Mass. 29.) In that view, the plaintiffs were entitled to interest on the whole of their recovery including the liquidated damages. (Civ. Prac. Act, § 480; see *Klaxon Co.* v. *Stentor Co.,* 313 U. S. 487, 498.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J. (dissenting in part). I dissent only from so much of the decision as holds that the plaintiffs are entitled to interest on the " liquidated damages " which, under the statute, must be paid by any employer who violates the provisions of sections 6 and 7 of the Fair Labor Standards Act. The liability for such payment, though not a penalty, is imposed in the statute as liquidated damages for the " retention of a workman's pay ". They are so denominated in the statute and they are intended to provide " compensation " for injury suffered by a wrongful act which " may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." (*Overnight Motor Co.* v. *Missel,* 316 U. S. 572.) Section 480 of the Civil Practice Act does not, I think, apply in such case. The question has not heretofore been raised in any case where this court has affirmed a judgment which included interest on liquidated damages.

RIPPEY, LEWIS and DESMOND, JJ., concur with LOUGHRAN, J.; LEHMAN, Ch. J., dissents in part in separate opinion in which CONWAY and THACHER, JJ., concur.

Judgment affirmed. (See 293 N. Y. 872.)