## J. F. FITZGERALD CONSTRUCTION CO. *v.* PEDERSEN.

No. 462.   Argued February 5, 1945.—Decided April 9, 1945.

*Mr. Henry E. Foley* for petitioner.

*Mr. William E. J. Connor* for respondent.

*Solicitor General Fahy, Messrs. Robert L. Stern, Jerome H. Simonds, Douglas B. Maggs, George M. Szabad, Albert A. Spiegel* and *Miss Bessie Margolin* filed a brief on behalf of the Administrator of the Wage and Hour Division, U. S. Department of Labor, as *amicus curiae.*

MR. JUSTICE REED delivered the opinion of the Court.

The writ of certiorari in the instant case raises two questions for consideration: the first, whether an employee who obtains a judgment for unpaid overtime wages

and liquidated damages under § 7 (a) [1] and § 16 (b) [2] of the Fair Labor Standards Act of 1938 is entitled to interest on such sums; the second, a narrow question with respect to the interpretation of a judgment of this Court, which was entered in its per curiam opinion on a prior writ of certiorari, reversing a prior state court judgment in this same case.

The proceedings leading to the first writ began when the respondent, Pedersen, an employee of the petitioner, a construction company, instituted an action in the Supreme Court of the State of New York, in behalf of himself and

---

[1] Section 7 (a), 52 Stat. 1063, provides:

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

(2) for a workweek longer than forty-two hours during the second year from such date, or

(3) for a workweek longer than forty hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

[2] Section 16 (b), 52 Stat. 1069, provides:

"Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

other employees, to recover overtime compensation and liquidated damages alleged to be due by virtue of §§ 7 and 16 (b) of the Fair Labor Standards Act. The action was tried on an agreed statement of facts which stated that the New York Central Railroad Company operated interstate trains over four bridges located on its right of way in the State of New York; that abutments supporting two bridges were destroyed and that the substructures of the two other bridges were damaged by a flood. The stipulation also stated:

"Thereafter, the railroad company entered into a contract with the defendant, an independent contractor engaged in general construction work, for the construction of entirely new abutments under the two bridges where the abutments had been washed out and destroyed, as aforesaid, and for repairing the substructures of the other two bridges which had been damaged, as aforesaid.

.        .        .        .        .

"Defendant employed plaintiffs, together with other individuals, as its employees in doing work under said contract and paid them at the rates per hour, as shown on Schedule 'A' annexed hereto."

After making findings of fact in conformity with the stipulation, the trial court dismissed the respondents' complaint.[3] The Appellate Division [4] and Court of Appeals [5] affirmed the lower court decision on the theory that the nature of the employer's general business activity—not the activities of employees on a particular job—determined whether an employee was "engaged in [interstate] commerce" within the meaning of § 7 (a) of the Act. Since the petitioner, an independent contractor not itself engaged in interstate commerce, was employed by the rail-

[3] *Pedersen* v. *Fitzgerald Construction Co.*, 173 Misc. 188, 18 N. Y. S. 2d 920.

[4] *Id.*, 262 App. Div. 665, 30 N. Y. S. 2d 989.

[5] *Id.*, 288 N. Y. 687, 43 N. E. 2d 83, affirming without opinion.

road to perform work local in character, it was felt petitioner's employees were not subject to the Act. On petition for certiorari, this Court reversed[6] the judgment of the state courts dismissing the complaint, on the authority of *Overstreet* v. *North Shore Corp.*, 318 U. S. 125, in which the Fair Labor Standards Act was held to apply to employees engaged in the actual repair of a facility of interstate commerce. On petition for rehearing by the petitioner in the instant case, our judgment was amended by adding:

"and without prejudice to a determination of the nature of the employment of any members of the class on whose behalf this suit has been brought." 318 U. S. 742.

This left open for trial the question of whether each member of the class was engaged in interstate commerce as alleged in the petition.

After remand to the state courts, the petitioner moved in the trial court to dismiss the complaint on the record of the prior proceedings apparently on the theory that the agreed statement of facts in the prior proceedings were insufficient to prove that the respondents, employees, were "engaged in [interstate] commerce." Petitioner did not attempt to introduce any evidence rebutting any inference to the contrary that might be drawn from the stipulation of facts in the record. Respondents thereupon moved for summary judgment under Rule 113 of the New York Rules of Civil Practice. The lower court entered judgment for the respondents, employees, for statutory wages and liquidated damages, with interest on such sums from April 1, 1939.[7] The Appellate Division[8] and Court of Appeals affirmed this decision.[9] Because the allowance of

---

[6] *Id.*, 318 U. S. 740.

[7] Opinion unreported.

[8] *Pedersen* v. *Fitzgerald Construction Co.*, 266 App. Div. 1032, 44 N. Y. S. 2d 595.

[9] *Id.*, 293 N. Y. 126, 56 N. E. 2d 77.

interest by the Court of Appeals raised a federal question of substance not heretofore determined by this Court, and in order to clarify doubts as to the meaning of our previous judgment in this case, we granted certiorari.[10]  Jurisdiction of this Court rests on § 237 (b) of the Judicial Code.

In *Arsenal Building Corp.* v. *Greenberg,* No. 421, *ante,* p. 697, we held that an employee was not entitled to interest on sums recovered in an action brought under § 16 (b) of the Fair Labor Standards Act.  This question is discussed in that opinion and for the reasons set forth therein, we hold that the New York Court of Appeals erred in allowing interest on the sums recovered by the respondents in the instant case.

Petitioner contends that the state courts erred in sustaining a judgment for respondents.  It is argued that the latter failed to satisfy the burden of proof that the particular activities of the respondents constituted engaging "in [interstate] commerce."  We are of a contrary opinion.  The agreed statement of facts, which was part of the record both for purposes of petitioner's motion to dismiss and respondents' motion for summary judgment, constitutes sufficient evidence to support the state courts' ruling in this matter.[11]  The agreed statement of facts states that the petitioner entered into a contract with the railroad "for the construction of entirely new abutments under the two bridges . . . and for repairing the substructures of the other two bridges," all four of these bridges being part of the railroad's interstate line.  It was also stipulated that the respondents were "doing work under said contract."  It is clear that employees who actually repair abutments or substructures of bridges on which are laid tracks used in interstate transportation are "engaged in [interstate] commerce."  *Overstreet* v. *North Shore*

---

[10] 323 U. S. 698.

[11] See *supra,* p. 722.

*Corp.,* 318 U. S. 125, 130; *McLeod* v. *Threlkeld,* 319 U. S. 491, 494. The stipulation of facts in this case recites specifically and precisely that the contract was for such work and also that the respondents were engaged in doing work under said "contract." The stipulation of facts would not seem to embrace activities not essential and a part of the main work of repair. This interpretation of the stipulation accords with that adopted by the state trial court.[12] In amending our judgment on rehearing[13] when this case was previously before us on writ of certiorari, the way was opened to petitioner to contest the issue of whether each respondent was himself actually engaged in interstate commerce. A doubt had arisen as to whether this could be done because our judgment of reversal was based explicitly on the *Overstreet* case, and in that decision we conclusively determined that the particular employees there involved were covered by the Act. On the remand to the state courts, petitioner did not contest respondents' claim on this issue although it appears it could have done so when the respondents moved for summary judgment.[14] Since the uncontested facts in the record are to the effect that the respondents were actually engaged in repairing the abutments and substructure, the

---

[12] The New York trial court stated in its opinion (unreported):

"The fair import of these conceded facts is that defendant was engaged in certain work, and that plaintiff and his associates were its employees, not generally, but in doing *this particular work.* . . . But in any event the conceded facts, in my judgment, embrace no activities not essential to the main work of repair (*Pedersen* v. *Delaware, L. & W. R. Co.,* 229 U. S. 146). Such, I think, was the fair import of the facts as contemplated by the parties when the agreed statement was made. . . ."

[13] 318 U. S. 742.

[14] The trial court stated in its opinion (unreported):

"It was no more a direction to the plaintiff than it was a permission to the defendant to reopen the matter, if either so desired, and could so do under our practice, for the purpose of getting further proof as to the precise activities of plaintiff and his associates."

judgment of the state court must be sustained in this respect.

The judgment of the state court is affirmed except in so far as it provides for recovery of interest on the sums adjudged to be due respondents under the Act; in this latter respect the judgment is reversed.