Per Curiam.

The evidence was sufficient to support a finding that the plaintiff sustained an injury aboard ship while in the defendant’s employ. The court was justified in ruling that the plaintiff’s right to maintenance and cure did not end when he was signed off at San Pedro, California. The plaintiff is also entitled to interest on the amount ultimately awarded, from the date it became due (Civ. Prac. Act, § 480; Greater New York Coal & Oil Corp. v. Philadelphia & Reading Coal & Iron Co., 278 N. Y. 270; Pederseon v. Fitzgerald Constr. Co., 293 N. Y. 126; Brown v. Godefroy Mfg. Co., 278 App. Div. 242; Perez v. Suwanee S. S. Co., 239 F. 2d 180).
The plaintiff is, however, not entitled to recover for the period during which his disability was extended because of the *58 automobile accident. This was an intervening cause for which the defendant was not responsible. Since the absence of findings or other indication renders it impossible to determine whether the Trial Justice included such period in the recovery, a new trial must be had. It would be helpful if the court on the second trial would indicate by findings or opinion for just what periods maintenance is allowed and what injury was the cause, of disability during those periods.
The judgment should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.
Hoestadter, J. P., Steuee and Aurelio, JJ., concur.
Judgment reversed, etc.