James P. MITCHELL, Secretary of the United States Department of Labor, Plaintiff,

v.

NOLLA, GALIB & COMPAÑIA, a Partnership, Defendant.

Civ. No. 159-58.

United States District Court
D. Puerto Rico,
San Juan Division.

Sept. 25, 1959.

Kenneth P. Montgomery and Jose E. Bosch-Roque, San Juan, P. R., for plaintiff.

Yamil Galib Frangie, San German, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

Pursuant to a stipulation signed and filed by the parties on January 14, 1959, this action stands submitted to the court for a decision on the merits, on the basis of (a) the pleadings, (b) the facts agreed upon in said stipulation, (c) certain supplementary motions of January 14, March 12 and March 26, 1959, amending Exhibit A to the complaint in the sense of including additional workers whose claims must be deemed also covered by the complaint, (d) the supplementary stipulation signed and filed by the parties on February 4, 1959, with the two exhibits attached to it; (e) the interrogatories propounded by plaintiff to defendant on September 5, 1958 and defendant's answer thereto filed on December 1, 1958; (f) the Request for Admission of September 5, 1958 addressed by plaintiff to defendant and defendant's statement filed on November 28, 1958 in response thereof, and (g) briefs filed by counsel for the parties in support of their respective contentions.

Defendant admits that its principal occupation is the construction business, that at all times mentioned in the complaint it was engaged in the construction of a highway known as North Avenue; that the contract signed between it and the Commonwealth of Puerto Rico, contained certain notices and instructions to which reference will be made later on, that in the performance of said contract, defendant employed the claimants at hourly rates as provided by Mandatory Decree No. 11 of the Minimum Wage Board of the Commonwealth of Puerto Rico, which rates, during all the times for which back wages are claimed, were less than the rates set forth in a wage order promulgated by the Wage and Hour and Public Contracts Divisions of the United States Department of Labor, published in the Federal Register on February 19, 1957, a copy of which is attached to the stipulation of January 14, 1959 as Exhibit A.

The issues raised by defendant's answer are the following:

A—That North Avenue, which was the subject of its said construction contract, does not constitute "a unit in a highway system which connects the business sections and residential areas of the city of San Juan with the International Airport at Isla Verde, Puerto Rico"; that said highway does not constitute "an effective improvement and addition to existing highways which are instrumentalities of interstate commerce", and that, therefore, its employees for whose benefit this action is brought were not "regularly engaged in work closely related to the construction of an instrumentality of interstate commerce known as North Avenue Highway, and as such" were not "engaged in interstate commerce within the meaning" of the Fair Labor Standards Act of 1938, as amended, 29 U.S. C.A. § 201 et seq., and were not subject to said act.

B—That this court lacks jurisdiction over this action under Section 16(c) of

the Act, since it involves issues of law which have not been settled by the courts.

C—That although the defendant has failed to pay to its employees involved in this action wages at the minimum rates provided by the Act, defendant's said failure was in good faith and in reliance upon the administrative practice and enforcement policy of the Administrator of the Wage and Hour Division with respect to the class of employers to which defendant belongs; and that defendant was induced to error, in this connection, by the language of the Wage Order on which plaintiff relies for this action.

All of the above contentions of the defendant are without merit.

## I

■■ From material on which this action has been submitted to the court for decision and the physical and geographical facts of which the court is entitled to take and does take judicial notice, it is obvious that North Avenue Expressway, and the portion of it which was under construction by the defendant at all times mentioned in the complaint under contract with the Commonwealth of Puerto Rico, constitutes a unit in a highway system which connects the business sections and residential areas of the city of San Juan with the International Airport at Isla Verde, Puerto Rico, and that said expressway constitutes an effective improvement and addition to existing highways which are instrumentalities of interstate commerce.

Puerto Rico's commerce with the United States mainland and with foreign countries is one of great magnitude. San Juan, where the North Avenue Expressway is located, is the chief port and the most important center of that commerce. The most important marine terminals of Puerto Rico are located in San Juan.

At all times alleged in the complaint there was no railroad operating as a public carrier, and there is none today, therefore, all incoming and outgoing goods and passengers must be exclusively transported by means of motor vehicles over the highways and roads which connect all towns and places within the Island with maritime and air shipping terminals.

North Avenue Expressway is a very important part of an integrated network of highways which connects all the cities and areas of Puerto Rico. As Puerto Rico is an island, such highways cannot connect directly with highways leading into any of the States of the Union, and they must of necessity stop at the edge of the sea and air lanes which separate Puerto Rico from the mainland. However, said highway system in its entirety is and must be constantly available as an instrumentality of the interstate and foreign commerce with the States of the Union and foreign nations which enters and leaves Puerto Rico through seaports and airports over said network.

North Avenue Expressway, at its eastern terminal leads to the International Airport and converges with other highways going to cities and towns in the eastern and northeastern end of the Island. A large amount of traffic coming to the International Airport from the center, southern and northern cities and towns of the Island, and vice versa, converge into the North Avenue Expressway through the Tapia Street approaches.

When the final sections of North Avenue Expressway, now under construction, are terminated, its western terminal will converge into Ponce de Leon Avenue, Muñoz Rivera Avenue, Fernandez Juncos Avenue and Isla Grande Expressway, all of which are thoroughfares presently in use.

At present no vehicle can travel to or from the International Airport at Isla Verde, unless it uses North Avenue Expressway, and the traffic through it for this purpose is quite heavy day and night.

This action is, therefore, governed by the holding of the Supreme Court in Mitchell v. C. W. Vollmer & Co., 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196.

The Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. § 201 et seq., is applicable to the work performed

by defendant's employees on the afore-said North Avenue Expressway, and the unskilled laborers whose claims are the subject of the complaint herein have been paid less than the minimum wage to which they are entitled under the Wage Order invoked in the complaint. Title 29, Chapter V, Code of Federal Regulations, Part 672.

II

Defendant invokes Section 16(c) of the Act (Title 29 U.S.C.A. § 216(c) to contend that the court does not have jurisdiction of this action pursuant to said section because it involves "issues of law which have not been finally settled by the courts".

This question is raised by the defendant in the Second Defense of its answer, but it is not alleged there which are the issues of law that defendant contends have not been finally settled by the courts.

In its brief defendant discusses the question solely on the ground that settled propositions of law had not been previously applied to particular factual situations.

Evidently this cannot be understood to mean that the issues of law have not been finally settled heretofore.

As defendant is claiming the benefit of a proviso following a general clause in a statute, it has the burden of showing that the proviso is applicable. Mitchell v. Columbia Air-O-Blind Company, D.C., 132 F.Supp. 553, 554.

But even if defendant's brief could remotely be considered as tending to show the applicability of the proviso, still the court is fully satisfied that the principle of law at issue herein had been finally settled by the courts when this action was initiated.

See: Walling v. McCrady Const. Co., 3 Cir., 156 F.2d 932, certiorari denied 329 U.S. 785, 67 S.Ct. 298, 91 L.Ed. 673; Overstreet v. North Shore Corp., 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656; Pedersen v. J. F. Fitzgerald Const. Co., 318 U.S. 740, 63 S.Ct. 558, 87 L.Ed. 1119; 324 U.S. 720, 65 S.Ct. 892, 89 L.Ed. 1316; Mitchell v. C. W. Vollmer & Co., supra.

And with respect to the settled law concerning the specific, peculiar geographical situation prevailing in Puerto Rico, see the following cases (although they are indeed of another vintage!): Cuascot v. Standard Dredging Co., D.C., 89 F.Supp. 916 (opinion of Judge Chavez) and particularly the opinion of Judge Roberts (on rehearing) D.C., 94 F.Supp. 197 at page 200; Tobin v. Blythe Mills Co. of P. R., Civil No. 6341 decided by Judge Snyder on March 14, 1952 (unreported); and Ramos v. P. R. Cement Corporation, U.S.D.C.P.R. March 1, 1946—Reported only in 10 L. Cases 63,000, which although involving workers engaged in production of cement for use in highway repair, contains the following statement:

"there can be no doubt that persons who were employed in repairing the highways would be within the protection of the Fair Labor Standards Act."

The proviso of Sec. 16(c) of the Act (Title 29 U.S.C.A. § 216(c) is not applicable in this action and it follows that this court has jurisdiction.

III

Defendant has failed to show that its failure to pay wages at the minimum rates provided by the Wage Order for the Construction, Business Service, Motion Picture and Miscellaneous Industry in Puerto Rico, construction classification, duly promulgated by the Administrator of the Wage and Hour Division, United States Department of Labor, pursuant to Sections 5 and 8 of the Act, published in the Federal Register, and known as Title 29, Chapter V, Code of Federal Regulations, Part 672, was in good faith.

Par. IV of the Stipulation of January 14, 1959, under which this action was submitted to the court for decision, reads as follows:

"That the contract signed between defendant and the Commonwealth of Puerto Rico provides the following notice and instruction:

"As regards maximum hours of work the Federal Labor Standards Act of 1938 prevails over the Mandatory Decree of the Minimum Wage Board. Therefore, overtime above 40 hours per week and up to 44 hours must be compensated as provided by the Federal Act, that is 1½ times the regular rate paid to employees. Hours above 44 per week must be paid as provided by the Board Mandatory Decree that is twice the regular rate paid to employees.

"VI Employment Classification Reports.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(1) Executive or Administrative:

"Employees in this category shall be classified in accordance with the definitions for Executive and Administrative employees as adopted by the Secretary of Labor under the Fair Labor Standards Act, and in effect at the time of invitation for bids.

"The contract further provides as follows:

"F. The contractor agrees that he is fully informed regarding all the conditions affecting the work to be done and labor and materials to be furnished for the completion of the contract, and that he has been engaged in and now does such work and represents that he is fully equipped, competent and capable of performing the work and is ready and willing to perform such work.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The work shall be done under the direct supervision of the Secretary of Public Works, and in accordance with the laws of Puerto Rico and any and all applicable Federal Rules and Regulations. The parties hereto agree that this contract in all things be governed by the laws of Puerto Rico."

Thus, as appears from the portions of the contract partly quoted in said admission of the defendant, it knew, at least since the contract was signed, that the Fair Labor Standards Act of 1938 was to prevail over the Mandatory Decree of the Minimum Wage Board of Puerto Rico as to the payment of overtime; that the classification of executive and administrative employees would be in accordance with the definitions for such employees adopted by the Secretary of Labor under the said Fair Labor Standards Act, and that all applicable Federal Rules and Regulations would govern the work to be performed by it under the contract.

Defendant also knew that the construction of the project was being financed with funds apportioned by the Federal Government and the Commonwealth of Puerto Rico. (See last sentence of the quotation contained in Par. III of said Stipulation.)

Defendant could not therefore, be unaware of the fact that the Fair Labor Standards Act of 1938 and its rules and regulations provided the criterion for the compensation of the workers which it would employ in performing said contract.

Although this does not mean that defendant would be bound by said provisions of the contract if the act were not actually applicable, it nevertheless represented unequivocal notice to defendant that the Commonwealth was of the opinion that the Act did indeed apply.

This notice or warning at least required defendant to investigate whether the act was applicable or not.

There is no proof whatsoever that defendant made any investigation in this connection. Indeed in its answer to interrogatories 3 and 4 propounded by plaintiff on this subject, defendant replied that it did not submit any request for advice about coverage under the Fair Labor Standards Act to any authorized official of the Wage and Hour Division, U. S. Department of Labor, prior to employing workers in the actual construction work, and that it did not have any written opinion relating to the construction of the project indicating that such work was not deemed to be covered as

work under the Fair Labor Standards Act, or any administrative opinion to that effect.

The Court fails to see, under the above circumstances, any showing of good faith by the defendant in failing to comply with the Act.

There is nothing in Exhibits 1 and 2, attached to the Supplementary Stipulation of February 4, 1959, which could have induced defendant to error or which would in any way justify any reasonable or sound belief on its part that it was only bound to pay to its unskilled laborers the wages established by Mandatory Decree No. 11 of the Minimum Wage Board of the Commonwealth of Puerto Rico, and not those provided by the Federal Minimum Wage Orders in question here.

If defendant upon reading the first of said exhibits, felt that its business was not included in the construction classification for which a minimum of 70 cents per hour had been promulgated, then its only alternative was to consider itself as falling under the "Business Service and *Miscellaneous Classification*" for which a minimum of $1.00 per hour had been promulgated.

From Exh. 2 it clearly appears that the January 17, 1958 wage order provided for a minimum of 80 cents per hour in the classification "Highway and Street and Other Heavy Construction."

There is no merit in this last defense of the defendant.

A judgment for the plaintiff will be rendered as soon as plaintiff's counsel submit proposed findings of fact, conclusions of law and form of judgment and these are duly settled by the Court.

Counsel for plaintiff are granted a period of 15 days from the date of notice of this Opinion and Order to file said proposed findings, conclusions and form of judgment, serving copy thereof, to counsel for defendant who is granted a period of ten days to propose amendments or objections thereto.