J. Irwin Shapiro, J.
In this case the jury found a verdict in favor of the corporate defendants on the first cause of action and in favor of the plaintiff on the third cause of action (merged with the second cause of action) which was based on the United States Fair Labor Standards Act.
The third cause of action was by the plaintiff as an employee to recover overtime compensation, liquidated damages and counsel fees.
At the trial he made no effort to prove the fair and reasonable value of his counsel fees but after the verdict came in in his favor on the third cause of action a motion was made to add counsel fees and interest to the verdict. Decision was reserved on both applications.
In support of his application for the addition of interest to the verdict as rendered, the plaintiff cites Pedersen v. Fitzgerald Constr. Co. (293 N. Y. 126, 130) in which the court held that in such a case as this “ the plaintiffs were entitled to interest on the whole of their recovery including the liquidated damages ”.
However (324 U. S. 720), the United States Supreme Court in reversing the Court of Appeals said: “ In Arsenal Building Corp. v. Greenberg, No. 421 [324 U. S. 697] we held that an employee was not entitled to interest on sums recovered in an action brought under § 16(b) of the Fair Labor Standards Act. This question is discussed in that opinion and for the reasons set forth therein, we hold that the New York Court of Appeals erred in allowing interest on the sums recovered by the respondents in the instant case.”
Under the circumstances the application for interest on the verdict must be denied.
The second portion of the plaintiff’s application is for counsel fees and the question arises whether the court, after the jury has rendered its verdict, may now factually pass upon that question.
I have been unable to find any New York case on the subject but in Olearchick v. American Steel Foundries (73 F. Supp. 273, *461 280, Dist. Ct., W. D. Pa.) the court said: “ The reference to the court in Section 216 of the Pair Labor Standards Act that * The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney’s fees to be paid by the defendant, and costs of the action, ’ I believe includes and means the court and jury, if the case is tried before a jury. Acme Lumber Co., Inc. v. Shaw, 243 Ala. 421, 10 So. 2d 285; Ashenford v. Yukon & Sons, 237 Mo. App. 1241, 172 S. W. 2d 881.
‘ ‘ The Court is, therefore, authorized, after verdict of the jury, to make an order allowing attorneys’ fees pursuant to motion therefor and after hearing evidence on such motion. Edwards v. South Side Auto Parts Co., Mo. App. 180 S. W. 2d 1015.”
In Edwards v. South Side Auto Parts Co. (supra) after the verdict of the jury was returned in favor of plaintiff, the latter filed a motion for allowance of an attorney’s fee. The trial court granted the motion, took testimony as to value and thereafter made an order allowing $300 to plaintiff for an attorney’s fee which sum was then added to the verdict of the jury. Taking an appeal from the allowance of counsel fees thus made, the defendant contended that the court erred in making such allowance and insisted that it could only be made by the jury which heard the case and should have been made a special item in the jury’s verdict. In affirming the judgment below, the Court of Appeals took cognizance of and explained the seemingly contrary holdings in Acme Lbr. Co. v. Shaw (243 Ala. 421) and Ashonford v. Yukon & Sons Produce Co. (237 Mo. App. 1241).
In the Acme case the jury awarded an attorney’s fee as a separate item in its verdict in favor of the plaintiff. On appeal defendant contended that the finding as to the attorney’s fee should have been made by the Trial Judge. The court said (p. 425): “ We do not so construe the act. * * * The ‘ court ’ as used in the act may as readily be held to mean the court having jurisdiction of the cause, as to mean the trial judge.” (Italics added.)
A similar contention was made in the Ashenford case. In affirming the award of counsel fees by the jury the court said (p. 1256): “We conclude * * * that 6 the court in such action ’ means the court and jury, if the cause is tried before a jury, and is not limited to the narrow construction of meaning ‘ the trial judge ’.”
The Court of Appeals in the Edwards case did not take issue with the holdings either in the Acme or Ashenford, cases. All that it did, in effect, was to indicate that either practice is permissible. It said (p. 1023): “ We think it is clear that all both *462 courts did was to refuse to give a narrow construction to the word ‘ court ’ as used in the Act in question. That is far from holding it to be error for a court alone to allow an attorney’s fee. This becomes evident when we consider the language of the Act itself: ‘ The court in such action shall * * * allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.’ 29 U. S. C. A., § 216(b). It would be a most unreasonable construction to hold that where Congress said ‘ The court in such action shall * * it meant ‘ The jury alone in such action shall * * *.’ Nothing in the Act, or in either of the cases cited, or in any other case that we are aware of, would justify such a ruling. ’ ’
Under the circumstances, and in the absence of any countervailing authority in this State, the plaintiff’s application for counsel fees is granted. No proof has been offered as to the value of such counsel fees. In view of the fact that the case was tried before me I am familiar with the nature and extent of the services that were rendered. I feel, therefore, that I can fix the counsel fees without any formal proof on the subject. However, if either side is dissatisfied with the sum which the court will allow as counsel fees in this case, a hearing will be held on that question.
In this case the first cause of action sought a recovery of $25,000 for commissions and a great part of the trial and the preparation for the trial was devoted to the issues raised by that cause. The jury found in favor of the defendants on that first cause of action. The second cause of action sought to recover the overtime on the theory that it had been promised to plaintiff as a bonus. The third cause of action, which was not contained in the original complaint and which first appeared in the amended complaint, is based upon the United States Pair Labor Standards Act. On that cause of action the jury found for the plaintiff in the sum of $1,000, although his demand in the complaint was for $5,000 and his proof as to the number of overtime hours worked by him, if believed by the jury, would have warranted a verdict in that amount. The second cause of action was not submitted to the jury because, in effect, it sought the same relief as the third cause of action, but upon a different theory.
Since the United States Pair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.) cause of action did not appear in this case until the service of the amended complaint and since the actual recovery thereon was 1/25 of the amount sought by the plaintiff on his first cause of action, in which he was unsuccessful, the amount to be allowed him as counsel fees must be valued not by the services rendered by his counsel in the entire *463 action, but only that portion thereof necessarily devoted to the preparation and proof of the third cause of action. I feel, under all the circumstances, that an allowance of counsel fees of 25% of the verdict recovered by the plaintiff, to wit, $250 is fair and reasonable.
If either side is dissatisfied with the award thus made, and desires a hearing on the question of the amount of the counsel fees, such determination shall be evidenced upon the settlement of the order, in which event a hearing will be ordered. If both sides are agreeable to the disposition thus made, the order to be entered hereon shall provide for the amendment of the jury verdict to be in the sum of $1,250 instead of the present verdict of $1,000.