**ROGERS, Regional Director of Wage and Hour and Public Contracts Divisions, U. S. Dept. of Labor, v. SKINNER et al.**

No. 13935.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Rehearing Denied March 5, 1953.

William S. Tyson, Solicitor, William A. Lowe, Sylvia S. Ellison and Harold S. Saxe, U. S. Dept. of Labor, Washington, D. C., Bessie Margolin, Assistant Solicitor, Dept. of Labor, Washington, D. C., Earl Street, Regional Atty., Dept. of Labor, Dallas, Tex., for appellant.

Arthur P. Bagby, Austin, Tex., Ramsey Clark and Pat Coon, Dallas, Tex., Clark, Coon, Holt & Fisher, Dallas, Tex. (Robert L. Clark and Dick Holt, Dallas, Tex., of counsel), for appellees.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant, William J. Rogers, is the Regional Director of the Wage and Hour and Public Contracts Divisions of the United States Department of Labor, at Dallas, Texas. As such, in the course of

the discharge of the duties delegated to him by the Administrator of the Wage and Hour Division, acting for the Secretary of Labor, he directed an investigator on his staff to make an investigation of the facts concerning the work and operations being performed by the appellees under contract with United States Corps of Engineers covering the excavating of a spillway and construction of the Garza-Little Elm Dam in Texas on the Elm Fork of the Trinity River, which was being constructed pursuant to the River and Harbor Act of 1945.[1] In the course of the investigation, such investigator, with the appellees' consent, examined certain records, interviewed employees, and advised appellees that under the interpretations of the Department it appeared that the Fair Labor Standards Act[2] applied to the work being done there. In this view, the method of payment of overtime, while consistent with the contract computed upon a daily basis, did not meet the requirements of the act requiring overtime for more than 40 hours per week. The Regional Director, upon reviewing the report and securing the advice of the Regional Attorney that the operations of the appellees were subject to the coverage of the act, and in accordance with the claimed authority "to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 6 or section 7 of this act",[3] requested appellees to make the payments to the employees of overtime compensation claimed to be due. Appellees refused, and thereupon the Director sent letters to the employees involved advising them of the result of the investigation and their consequent right to full overtime compensation due under the Fair Labor Standards Act. This letter called the employees' attention to the statutory authority for suit by, and on behalf of, the employees themselves, but made no reference to any suit by the Administrator. However, one of the employees involved, Hubert D. Vincent, requested institution of suit for his benefit under section 16(c), supra, and the Director brought this fact to the appellees'

attention, with the thought that the employers might wish to reconsider their decision of declination to make restitution to the employees generally. This letter called attention to the waiver provisions of section 16(b) and concluded, "before we take any further action on Mr. Vincent's request, may we have your reply by July 10, 1951." These recitals of fact are distilled from the evidence, which, in addition, showed without dispute that the official duties of the Regional Director include advising the public, employers and employees of the provisions of the Act and if and how the Department deems it applicable to them. Where violations are found, he makes recommendations to his superior in Washington as to what action should be taken. He does not have authority to institute any suit of any kind, nor to bring any criminal action. He follows the Department's interpretations as to the scope of the law and not his own, and as to legal matters must rely on the advice of the Regional Attorney.

Feeling themselves aggrieved, harassed and persecuted by such conduct of the Regional Director, the appellees instituted the suit for declaratory relief and injunction from which this appeal arises against the Director and three of their employees, claimed to be representative of a class of employees contended by the Director to be "engaged in commerce" or in "the production of goods for commerce" within the meaning of the Fair Labor Standards Act. Jurisdiction was laid upon the claim that the action arises under the laws of the United States by reason of the contention of the defendants that the Fair Labor Standards Act covers the activities and work of plaintiffs' employees. It is expressly alleged that the defendant Rogers, "acting in the scope of his delegated authority and pursuant to the duties, functions, and powers of his official position, has entered upon a studied course of conduct", which is alleged to be those acts and matters referred to above. It is said that the mailing of the letters had disrupted the organization, caused loss of time upon the construction job, fracture of the employer-

1. Act of March 2, 1945 c. 19, 59 Stat. 10, 18.

2. 29 U.S.C.A. §§ 201 et seq.
3. 29 U.S.C.A. § 216(c).

employee relationship and numerous employees to quit their employment. It is alleged that the nature of the work which the plaintiffs' employees are performing "is of a purely local character upon an original and new construction" and for reasons stated that such employees are not engaged in interstate commerce. As illustrative of the extent and nature of the relief sought, the prayers of the complaint are set forth in the margin.[4]

Overruling numerous objections that the suit should not be entertained by the Court because in effect one against the United States; that the Secretary of Labor was an indispensable party; that proper service of process had not been had upon the defendant as an officer of the United States, and that in any event the claim was not meritorious under the law and facts, the trial Court, after a hearing, made a declaration that the work and operations of the plaintiffs and their employees, were not subject to the provisions of the Fair Labor Standards Act. Because of such inapplicability of the Act, the Court considered the sending of the letters as without authority and as constituting "illegal and unconscionable overtures, threats, and demands to sue", and the defendant, individually and as Regional Director, was enjoined "from interfering with the amicable labor relations between the Plaintiffs and their employees * * * and from seeking to and instilling a distaste of Plaintiffs by their such employees, by writing letters to Plaintiffs and their employees based upon the assumption of fact that such employees are covered by the Fair Labor Standards Act." Upon this appeal, it is insisted, among other specifications of error, that the case should have been dismissed for want of jurisdiction and for failure to present any cause for the granting of judicial relief; that the suit is in effect against the United States, and in any event the Secretary of Labor and the Attorney General are indispensable parties.

We think it is clear that the Court should have sustained the objections to its jurisdiction and should have dismissed the suit. Upon consideration of the complaint and the nature and extent of the relief sought, and the ground upon which it is

4. "Wherefore, plaintiffs pray this Honorable Court to enter a declaratory judgment as follows:

"(A) The defendants Ted D. Chandler, Hubert D. Waldrup, and Joe Miller and the class of persons represented by said defendants and all of plaintiffs' employees presently or heretofore engaged in the construction of the embankment as aforesaid are not engaged in commerce or the production of goods for commerce within the meaning of and are not covered by the Fair Labor Standards Act.

"(B) That a restraining order be entered and upon proof and hearing an injunction be granted, restraining and enjoining William J. Rogers and his personnel, investigators, examiners, clerks, and employees under his direct supervision and commanding the defendants Ted D. Chandler, Hubert D. Waldrup, and Joe Miller and each of them and the class of persons represented by said three (3) Employee Defendants and all of plaintiffs' employees presently or heretofore engaged in the construction of the embankment as aforesaid and each of them from:

"1. communicating, corresponding, or otherwise, advising plaintiffs' employees or any of them they may recover from plaintiffs overtime compensation, liquidated damages, and attorney's fees under the Fair Labor Standards Act, or in any manner demanding, inciting, requesting, indicating, and seeking restitution of back wages, overtime compensation, liquidated damages, or attorney's fees under the Fair Labor Standards Act for work performed while employed by plaintiffs on said project.

"2. threatening plaintiffs to bring suit and from actually commencing a suit against plaintiffs under the Fair Labor Standards Act to recover overtime compensation and liquidated damages as plaintiffs' employees individually, or for and on behalf of plaintiffs' employees in any capacity, on account of labor performed by plaintiffs' employees in the construction of said project.

"3. threatening plaintiffs to bring suit and from actually commencing suit against plaintiffs to enjoin or to obtain an injunction by virtue of the contention of a violation by plaintiffs of the Fair Labor Standards Act by reason of labor performed by plaintiffs' employees engaged in the construction of said project."

claimed, it is clearly apparent that what the plaintiffs sought to secure by their suit was a declaration and adjudication that the activities of their employees in the carrying out of their construction contract were not subject to, nor covered by, the provisions of the Fair Labor Standards Act, and to enjoin the defendant, as the representative of the Secretary of Labor, in the performance of his official duties. This adjudication it sought to secure with the Regional Director, a subordinate official with only limited and prescribed duties and powers, as the sole adversary. The complaint plants all claim of illegal conduct on the part of the defendant upon the ground that the operations of the plaintiffs are not subject to the terms of the Fair Labor Standards Act, and that consequently the acts of the defendant as Regional Director, and of his subordinates, are illegal as constituting interference with an employer who is not subject to the Act. This is so because if the employment was subject to the terms of the Act each act of the Regional Director was authorized by the terms of the statute in his performance of the duties of Director as delegated to him by the Secretary of Labor. In other words, assuming coverage of the employer, the acts and conduct of the Regional Director and his representative were in no sense illegal. These would only become unwarranted in case the employer was not subject to the Act, and thus the question of coverage was the primary and fundamental one involved in the litigation. Upon its determination all possibility of any claim of illegality of action of the subordinate depended. Having expressly proceeded against the defendant as acting in the scope of his delegated authority and pursuant to the duties and powers of his official position, the plaintiffs-appellees can not well challenge this proposition. It would, therefore, seem to follow that this is a suit against a subordinate official, in his official capacity, to secure an adjudication binding upon his superior and in fact binding upon the Government in the execution of the statute. Therefore, the contention that the suit is in effect one against the United States and for this reason could not be maintained is correct. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Certainly the nature and effect of the proceeding would "interfere with the public administration", Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209. But however this may be, it is clear that in such a suit the Secretary of Labor is an indispensable party. The statute constitutes this officer the agent to insure its enforcement, and to do so it is necessary that investigations be made and that the question of coverage be determined. Neither such investigations, nor acts following the determination of coverage, done in compliance with the authority afforded by the statute, if it is applicable, can be denominated illegal or enjoined merely upon the ground that a court, in a suit to which such officer is not a party, concludes that as a matter of law coverage does not exist. Cf. Janes v. Lake Wales Citrus Growers Ass'n, 5 Cir., 110 F.2d 653; Payne v. Fite, 5 Cir., 184 F.2d 977; Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. The duty of making the preliminary determination of whether a particular business or activity is subject to the provisions of the Fair Labor Standards Act rests upon the Secretary of Labor.[5] Such a determination, and further steps in consequence, although necessary and at times essential in effectuating the purpose of the Act, are not self-executing and have no coercive qualities until, and unless, they receive the approval of the Courts and are implemented by their judgments. Such procedure affords insurance of ample opportunity for the protection of the employer's rights since he need not acquiesce in any contention of coverage from which follows liability for pecuniary response or other penalties until the question has been submitted to, and adjudged by, the Courts of the land. Therefore, a claim of coverage and its consequences hardly reach the point of irreparable injury so as to justify equitable relief by injunction. As stated in a some-

5. Cf. Tobin, Secretary of Labor v. Banks & Rumbaugh, No. 14,191, 5 Cir., decided January 14, 1953, and citations.

what similar case, Bradley Lumber Co. v. N. L. R. B., 5 Cir., 84 F.2d 97, 100, "these things are incident to every sort of trial and are part of the social burden of living under government." Cf. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 58 S.Ct. 459, 82 L.Ed. 638.

In this proceeding we have no occasion to adjudicate the correctness of the trial Court's ruling that the operations in question were not subject to the provisions of the Fair Labor Standards Act. This question should await determination until it is properly presented to a Court by parties authorized to invoke its jurisdiction of the subject matter.

The Court erred in granting the injunction. Instead the complaint should have been dismissed. The judgment is reversed with direction to dismiss the complaint.

Judgment reversed.