William J. ROGERS, Regional Director of the Wage and Hour and Public Contracts Divisions, United States Department of Labor, Appellant,

v.

B & B VENDING COMPANY, Appellee.

No. 16603.

United States Court of Appeals Fifth Circuit.

Dec. 12, 1957.

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, Washington, D. C., Earl Street, Reg. Atty., U. S. Dept. of Labor, Dallas, Tex., Stuart Rothman, Sol., Sylvia S. Ellison, Robert J. Nye, Attys., U. S. Dept. of Labor, Washington, D. C., for appellant.

Spencer Carver, Dallas, Tex., Biggers, Baker, Lloyd & Carver, Dallas, Tex., for appellee.

Before CAMERON, JONES and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

The narrow question presented by this appeal is whether the court below had authority to enter a judgment declaring a business to be outside the scope of the

Fair Labor Standards Act,[1] in an action brought against the Regional Director of the Wage and Hour Division alone, omitting the Secretary of Labor. Appellee, B & B Vending Company, instituted the action against appellant, William J. Roger, Regional Director of the Wage and Hour and Public Contracts Divisions, United States Department of Labor, for declaratory and injunctive relief upon the claim that appellant was guilty of willful oppression under color of law in connection with the enforcement of said Act.[2]

After denying appellant's motion to dismiss setting forth that he did not have power, authority or discretion to institute any action against plaintiffs under the Act, and asserting that the administration and enforcement of it was committed by law to the Secretary of Labor, who was, therefore, an indispensable party and that the court was without jurisdiction to grant any of the relief prayed for, the court below heard evidence and entered judgment in favor of appellee granting the declaratory relief prayed for.[3]

We think that this was clearly erroneous, under the decision of this Court in Rogers v. Skinner, 5 Cir., 1953, 201 F.2d 521, 524. Every contention made here was asserted there and ruled against appellee in an opinion which went into great detail with respect to both the law and the facts. It is true that, in that case, the trial court granted an injunction, and in this case it rendered only a declaratory judgment. But this difference in the relief granted does not serve to differentiate the cases because in each instance the court had no jurisdiction to proceed and ought to have granted the motion to dismiss. The facts in the Skinner case and those here are practically identical and no good purpose will be served by a detailed discussion of them. We adhere to the conclusion reached in that case and stated in these words, which apply here as fully as there:

"But however this may be, it is clear that in such a suit the Secretary of Labor is an indispensable party.[4] The statute constitutes this officer the agent to insure its enforcement, and to do so it is necessary that investigations be made and that the question of coverage be determined. Neither such investigations, nor acts following the determination of coverage, done in compliance with the authority afforded by the statute, if it is applicable, can be denominated illegal or enjoined merely upon the ground that

1. 29 U.S.C.A. § 201 et seq.

2. While disclaiming any purpose to proceed against Rogers as a Federal official and asserting that the proceeding is against him only as an individual, appellee brought the action against Rogers as an official: "Now come B & B Vending Company * * * complaining of William J. Rogers, Regional Director of the United States Department of Labor, a resident citizen of Dallas County, Texas * * *." Jurisdiction is invoked under 28 U.S.C.A. §§ 2201, 2202, the Declaratory Judgment sections, and under 28 U.S.C.A. § 1331, providing for jurisdiction in certain civil actions arising under the Constitution and laws of the United States. Said § 2201 confers on a district court the power to declare the rights of parties only in cases "within its jurisdiction."

3. " * * * the Court proceeded to hear the pleadings, the evidence and argument of counsel and being of the opinion and finding that a justiciable controversy exists between plaintiff and defendant within the jurisdiction of the Court, that the plaintiff and its business is wholly retail in character and solely within intrastate commerce; that the Fair Labor Standards Act of 1938 as amended is not applicable to the plaintiff and its business or to its employees; that the actions of the defendant, William J. Rogers and those acting under his direction purporting to be within their duties in the enforcement of the Fair Labor Standards Act of 1938 as amended are unwarranted and constitute an unlawful interference with the plaintiff; and that plaintiff is entitled to declaratory relief as prayed for * * *."

4. And cf. Stewart v. United States, 5 Cir., 1957, 242 F.2d 49.

a court, in a suit to which such officer is not a party, concludes that as a matter of law coverage does not exist * * * The duty of making the preliminary determination of whether a particular business or activity is subject to the provisions of the Fair Labor Standards Act rests upon the Secretary of Labor. * * *

"In this proceeding we have no occasion to adjudicate the correctness of the trial Court's ruling that the operations in question were not subject to the provisions of the Fair Labor Standards Act. This question should await determination until it is properly presented to a Court by parties authorized to invoke its jurisdiction of the subject matter.

"The Court erred in granting the injunction. Instead the complaint should have been dismissed. The judgment is reversed with direction to dismiss the complaint."

Reversed and dismissed.