Leovigildo V. QUILICHINI, Plaintiff,

v.

Robert M. KELLEY, Defendant.

COMPAÑIA DE INGENIEROS Y CONTRATISTAS, INC., Plaintiff,

v.

Robert M. KELLEY, Defendant.

James P. MITCHELL, Secretary of the United States Department of Labor, Plaintiff,

v.

COMPAÑIA DE INGENIEROS Y CONTRATISTAS, INC., Defendant.

James P. MITCHELL, Secretary of the United States Department of Labor, Plaintiff,

v.

Leovigildo V. QUILICHINI, Defendant.

Civ. Nos. 313–58, 314–58, 317–58, 329–58.

United States District Court
D. Puerto Rico,
San Juan Division.

Sept. 25, 1959.

Walter L. Newsom, Jr., San Juan, P. R., for plaintiffs.

Kenneth P. Montgomery and Jose E. Bosch Roque, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

The above entitled actions, involving coverage under the Fair Labor Standards Act,[1] were consolidated by an order of the court dated November 10, 1958.

The defendants in the injunction suits Quilichini and Compañia de Ingenieros y Contratistas, Inc., filed separate actions for declaratory judgment against Mr. Robert M. Kelley, the Territorial Director of the Wage and Hour Division of the U. S. Department of Labor in Puerto Rico. Specifically, the defendants ask the court to declare that the minimum wages prescribed by the Fair Labor Standards Act did not, and do not have to be paid to persons employed by them in the construction of certain roads in Puerto Rico, and that neither the Act nor any law or provision of contract requires payment of such wages for such work.

Mr. Kelley, the defendant in these two actions for declaratory judgment, is an official of the Labor Department whose functions, duties and powers are limited. He investigates wage and hour practices under the Fair Labor Standards Act, advises the public, employers and employees about their duties and rights under the Act, strictly following the interpretations of the Department as to coverage and other features of the law. He cannot institute any action for enforcement on his own initiative; purported violations are submitted by him to the Department with his recommendation as to possible action. He is wholly without authority to institute civil or criminal proceedings. Civil proceedings are instituted by the Secretary of Labor; criminal proceedings are instituted by the Attorney General.

Although the complaints in the actions for declaratory judgment allege that Mr. Kelley informed plaintiffs that he would

1.  29 U.S.C.A. § 201 et seq.

institute and prosecute proceedings against them, there is no evidence that he actually proposed to exceed his authority in this manner, and, indeed the civil actions for injunctions to compel compliance with the Act, and which were consolidated with the plaintiffs' actions for declaratory judgment were brought under the name of Mitchell, Secretary of Labor. I am therefore satisfied that:

1. These are not actions for the payment of damages by the individual defendant, Kelley.

2. Kelley does not purport to act as an individual.

3. Kelley has not, nor does he intend to, act beyond his powers as limited by statute.

4. It is not claimed, nor does it appear, that Kelley proposes to take action under an unconstitutional statute.

■ Therefore, what plaintiffs seek is a declaration of their rights vis-a-vis the sovereign. The relief sought could only operate as an adjudication against the sovereign, and these actions must therefore be dismissed for want of jurisdiction. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Stanley v. Schwalby, 162 U.S. 255, 16 S.Ct. 754, 40 L.Ed. 960.

Coming now to Nos. 317-58 and 329-58, which are suits for injunctions filed by the Secretary of Labor against Quilichini and Compañia de Ingenieros y Contratistas, Inc., the court is confronted with the same problem presented by one of the phases of Mitchell v. Nolla, Galib & Co., D.C.1959, 176 F.Supp. 883 decided September 25, 1959. In both Quilichini and Compañia de Ingenieros y Contratistas the defendants are contractors engaged, at the time of the alleged violations of the FLSA, in the construction of so called secondary roads in the Island of Puerto Rico. The Secretary alleges that these defendants employed workers in the construction of highways in Puerto Rico, that such work is subject to the Fair Labor Standards Act and that the defendants repeatedly violated the law by paying less than the minimum and overtime rates prescribed for that work. The two questions presented are, whether this type of road construction work is covered by the Act, and, whether an injunction should be issued against an employer who has terminated the construction in the course of which the violations occurred.

■ The roads involved are not the super-expressway type of highway which had the attention of the Court in the Nolla, Galib case. Indeed, not only are they of a most secondary class, one of them, Road No. 157, is not completed in one section, and in the other section comes to a dead end. Not even the ubiquitous United States mail uses it as a route. Only raw coffee beans and truck farming crops go over it. No industrial establishments grace its side. However, I am constrained to hold that employment on this road, so remote from commerce, and the other roads involved in these cases, is covered by the Act. Practical considerations lead me to this conclusion, following Mitchell v. C. W. Vollmer & Co., 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196. As a practical matter, indicated in Nolla, Galib, supra, the whole network of public roads in Puerto Rico is an existing instrumentality of interstate commerce. Because of the absence of rail facilities, the entire *network*, not any particular road, primary, secondary or even tertiary, is the instrumentality of commerce. It follows therefore that *any* public road constructed in Puerto Rico both is a part of, and improves the functioning of the existing instrumentality of interstate commerce. Archer v. Brown & Root, Inc., 5 Cir., 241 F.2d 663.

To hold otherwise would be to indulge in the segmentation discredited in Cuascut v. Standard Dredging Co., D.C., 94 F. Supp. 197, at page 200.

■ The next question is whether I should issue the injunctions. As these defendants are admittedly contractors, builders of roads, and I am sure, very skilled in that ancient branch of engineering, there is no doubt that they will continue their valuable work on the net-

work of Puerto Rican roads. They have contended that their wage rates were legal, and they have been held to be in violation of the standards established by the Fair Labor Standards Act. I believe therefore that it would be an abuse of discretion to deny plaintiffs request for injunctive relief. See Walling v. Panther Creek Mines, 7 Cir., 148 F.2d 604.

Cases 313–58 and 314–58, for Declaratory Judgment, are hereby dismissed; and counsel for the Secretary of Labor are directed to submit Findings of Fact, Conclusions of Law, Judgment and a Writ of Injunction in Nos. 317–58 and 329–58 within a period of 20 days after notice of this Opinion. Counsel for defendants in Nos. 317–58 and 329–58 are granted 5 days after service of copies of the proposed documents to file any objections to the same that they may deem proper.