COMPANIA DE INGENIEROS Y CONTRATISTAS, INC., Defendant, Appellant,

v.

Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff, Appellee.

Leovigildo QUILICHINI, Defendant, Appellant,

v.

Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff, Appellee.

Nos. 5689, 5690.

United States Court of Appeals First Circuit.

April 3, 1961.

Before WOODBURY, Chief Judge, and MAGRUDER * and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

These appeals from judgments of the United States District Court for the District of Puerto Rico entered March 15, 1960 enjoining defendants from violating certain provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., raise the question of the applicability of the Act to certain highway construction in Puerto Rico.

Compania de Ingenieros y Contratistas, Inc., defendant-appellant in No. 5689, is a corporation engaged in highway construction in Puerto Rico. The corporation at the time of the filing of the complaint was engaged in constructing a section of road known as Project S–157 (2). This section was a link in a secondary rural road which when completed would connect the town of Orocovis with Commonwealth Road No. 149. The corporation had previously constructed two other projects S–155(2) and S–155(3). These latter projects were links in a secondary rural road which connected the towns of Morovis and Orocovis. Defendant corporation paid its employees who worked on the construction of these three projects at rates not less than those prescribed by the Minimum Wage Board of Puerto Rico in Mandatory Decree No. 11. In some instances these rates were less than the minimum wages prescribed under the Fair Labor Standards Act.

Leovigildo Quilichini, defendant-appellant in No. 5690, is an individual contractor. At the time of the filing of the complaint he was engaged in constructing a section of a road. Project S–119 (2). This section was the last link in a rural secondary road extending from the city of San German to Commonwealth Road No. 105. Quilichini paid his employees who worked on this project at rates not less than those prescribed by the Commonwealth Minimum Wage Board. In some instances these rates

Walter L. Newsom, Jr., San Juan, P. R., with whom Enrique Cordova Diaz and Brown, Newsom & Cordova, San Juan, P. R., were on brief, for appellants.

Bessie Margolin, Assistant Solicitor, Washington, D. C., with whom Harold C. Nystrom, Acting Solicitor of Labor, Beate Bloch, Attorney, Washington, D. C., and Kenneth P. Montgomery, Regional Attorney, San Juan, P. R., were on brief, for appellee.

* Sitting by designation.

were less than the minimum wages prescribed under the Fair Labor Standards Act.

All of the projects involved herein were financed in part by federal aid granted under provisions of Title 23, Highways, of the United States Code.

Each defendant brought an action against the Territorial Director of the Wage and Hour Division for a declaratory judgment that the employees on these projects were not covered by the FLSA. These actions were dismissed by the district court for want of jurisdiction. The dismissals are not part of these appeals.

The actions brought by the Secretary and those for declaratory judgments were consolidated. Stipulations were filed by the parties and additional testimony was introduced. According to the stipulations, each of the roads involved in these two cases was through areas producing at least some agricultural products which were transported, sometimes after processing, in interstate commerce. The transportation of such products from areas alongside and near the roads, at the time the stipulations were made, was generally over other roads which connect or would connect with the roads here involved.

The district court made findings of fact that: "said roads * * * [were] joined to and formed a part of the road and highway system of the Commonwealth of Puerto Rico and * * * over those roads to which said roads * * * [were] joined, there was such [interstate] trade, commerce, transportation, transmission and communication."

The district court in its opinion stated that in Puerto Rico the entire network of public roads, primary, secondary and tertiary, is "an existing instrumentality of interstate commerce." The court concluded "that *any* public road constructed in Puerto Rico both is a part of, and improves the functioning of the existing instrumentality of interstate commerce." 176 F.Supp. 889, 891.

The highways in these cases involved new construction. The Supreme Court, however, in Mitchell v. C. W. Vollmer & Co., 1955, 349 U.S. 427, 75 S.Ct. 860, 861, 99 L.Ed. 1196, rejected the "new construction" exception to the provision "engaged in commerce." See also Mitchell v. H. B. Zachry Co., 1960, 362 U.S. 310, at page 319, 80 S.Ct. 739, at page 745, 4 L.Ed.2d 753. The Court stated in Vollmer that the test is "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity * * * [T]he work of improving existing facilities of interstate commerce, involved in the present case, falls in the same category, [activity in commerce]." Supra, 349 U.S. at pages 429–430, 75 S. Ct. at page 862.

The proper standard under the Supreme Court's "practical considerations" test is whether "the project when completed, is intended to and will serve as an important, definite addition to, or improvement of, existing identifiable instrumentalities and thus facilitate the flow of commerce * * * *" If so "the necessity for a *future* connection will not be decisive." Archer v. Brown & Root, Inc., 5 Cir., 241 F.2d 663, at page 667, certiorari denied 1957, 355 U.S. 825, 78 S.Ct. 33, 2 L.Ed.2d 39.

The Supreme Court has stated that the purpose of the FLSA was to extend federal control "throughout the farthest reaches of the channels of interstate commerce." Walling v. Jacksonville Paper Co., 1943, 317 U.S. 564 at page 567, 63 S.Ct. 332, at page 335, 87 L.Ed. 460. See also Mitchell v. H. B. Zachry Co., supra, 362 U.S. at page 320, 80 S.Ct. at page 745.

■ On the records in the instant cases, it is unnecessary for us to adopt the district court's broad determination that the construction of *any* public road in Puerto Rico is covered by the Act in order to affirm its decision. The stipulations afford substantial support for the district court's holding that the employees constructing these roads are covered by the Act.

A further contention of the defendants is that the district court abused its discretionary power by granting the injunctions against them. In view of the admitted intent of defendants to continue in the business of highway construction in the future and of the possibility on similar future construction of asserting the same argument that the construction is not covered by the Act, we cannot say that the granting of the injunctions was an abuse of the trial court's discretion. See Mitchell v. Hodges Contracting Company, 5 Cir., 1956, 238 F.2d 380.

Judgment will be entered affirming the judgments of the district court.