246 F.Supp. 821 (1965)
WOHL SHOE COMPANY, a corporation, Plaintiff,
v.
W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Defendant.
F. S. SHOE COMPANY, Plaintiff,
v.
W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Defendant.
Nos. 65C 81(1), 65C 82(3).
United States District Court E. D. Missouri, E. D.
September 17, 1965.
Wm. M. Howard, St. Louis, Mo., for plaintiffs.
Harper Barnes, Regional Atty., U. S. Dept. of Labor, Kansas City, Mo., Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for defendant.
HARPER, Chief Judge.
These two cases are before the court in an action seeking declaratory relief against W. Willard Wirtz, the United States Secretary of Labor. The immediate issue before the court is the defendant's motion to dismiss for lack of jurisdiction. A brief summary of the facts would seem appropriate.
On or about June 4, 1964, the Department of Labor advised the management of the F. S. Shoe Company that they had failed to pay their employees at their Rutland, Vermont, store the wages required by the Fair Labor Standards Act (29 U.S.C.A. §§ 206 and 207). On or about December 4, 1964, the Department of Labor notified the Wohl Shoe Company that they were in violation of the same provisions at their store in Baton Rouge, Louisiana.
The separate plaintiffs originally brought two separate actions seeking declaratory judgments that they were not subject to the provisions of the above sections of the Code because they were exempted by the provisions of 29 U.S. C.A. § 213(a) (2) (iv). The cases were subsequently consolidated on plaintiffs' motion.
W. Willard Wirtz filed a motion to dismiss on the grounds that the actions taken by his office were actions of the sovereign, and that sovereign immunity prohibited the suit from being brought without the consent of the sovereign, and that no such consent existed. The only question presented by the parties at this time is whether the actions were those of the sovereign.
*822 The fact that the doctrine of sovereign immunity exists is uncontested, and both parties rightly concede that the doctrine applies to actions by the government officers except in two instances: Where the statute under which the officer is acting is unconstitutional (Ex Parte Young, 209 U.S. 123, 155, 28 S.Ct. 441, 52 L.Ed. 714 [1908]), and where the officer is acting in excess of his authority (Philadelphia Company v. Stimson, 223 U.S. 605, 619, 32 S.Ct. 340, 56 L.Ed. 570 [1912]).
The question of when an officer is acting in excess of his authority has been one of frequent litigation, and has resulted in what appears to be frequent inconsistencies. (See Davis, Administrative Law Treatise, Chapter 27, for a complete discussion of the cases, and also Mr. Justice Frankfurter's comprehensive list of cases in his dissenting opinion of Larson v. Domestic & Foreign Corp., 337 U.S. 682, 729-732, 69 S.Ct. 1457, 93 L.Ed. 1628 [1948]). The exact point of litigation before this court is whether an officer, while making an authorized determination, is still acting within his authority when and if he makes a wrong determination as to whether or not a party is subject to a particular provision of a valid statute. The question has been stated in another way in Larson v. Domestic & Foreign Corp., supra, 337 U.S. at page 695, 69 S.Ct. at page 1464:
"It is argued that an officer given the power to make decisions is only given the power to make correct decisions. If his decisions are not correct, then his action based on those decisions is beyond his authority and not the action of the sovereign."
The Supreme Court went on to answer the question:
"There is no warrant for such a contention in cases in which the decision made by the officer does not relate to the terms of his statutory authority. Certainly the jurisdiction of a court to decide a case does not disappear if its decision on the merits is wrong. And we have heretofore rejected the argument that official action is invalid if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so. Adams v. Nagle, 1938, 303 U.S. 532, 542 [58 S.Ct. 687, 692, 82 L.Ed. 999]. * * * We hold that if the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign, whether or not they are tortious under general law, if they would be regarded as the actions of a private principal under the normal rules of agency."
By applying the general language to the specific facts now before the court, it is necessary to arrive at the conclusion that the Secretary of Labor's motion should be granted.
The Secretary of Labor is authorized to administer the Fair Labor Standards Act (29 U.S.C.A. § 216(c)). He is empowered to make certain investigations, determinations, and to act accordingly (29 U.S.C.A. § 211(a) and § 216). One of the determinations that he can make is whether or not to proceed with court actions against a party whom the Secretary believes to be violating the Act. This is a power within the authority of the Secretary of Labor. As such, his determinations are those of the sovereign, and contestable only when the Secretary seeks enforcement by suit brought pursuant to 29 U.S.C.A. § 216(a) and (c). Whether his determination of the question of whether the plaintiff is entitled to exemption claimed under 29 U.S.C.A. § 213(a) (2) (iv) is right or wrong is to be determined in the action brought by the Secretary and not in this type of action.
The motion to dismiss is sustained, and each of the aforesaid cases is hereby dismissed.