**TEJIDOS KONFORT, INC., a Corporation, Plaintiff,**

v.

**Joseph P. McAULIFFE, Regional Director, Wage and Hour and Public Contracts Divisions, U. S. Department of Labor, Defendant.**

**Civ. A. No. 280–68.**

United States District Court
D. Puerto Rico.

Oct. 22, 1968.

J. E. Bosch Roque, San Juan, P. R., for plaintiff.

Felix V. De Jesus, San Juan, P. R., for defendant.

## SUIT FOR DECLARATORY JUDGMENT

CANCIO, Chief Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court having considered the pleadings, the motion to dismiss, the affidavits filed by and on behalf of the parties, the exhibits, the arguments, and briefs submitted by respective counsel, and being fully advised in the premises, does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law, as follows:

1. Plaintiff brought this action under 28 U.S.C. § 2201, for a determination of the application of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, to certain of its employees.

2. The named defendant in this action is "Joseph P. McAuliffe, Regional Director, Wage and Hour and Public Contracts Divisions, U. S. Department of Labor." Plaintiff elected to name only the aforesaid Joseph P. McAuliffe as party defendant.

3. Defendant filed a "Motion to Dismiss Complaint" of plaintiff. It is this Motion to Dismiss which is before the Court for decision at this time.

4. The plaintiff herein is Tejidos Konfort, Inc. Tejidos Konfort, Inc. is a corporation organized under the laws of Puerto Rico, with principal offices located in Caguas, Puerto Rico, and engaging in the sale and distribution of miscellaneous dry goods throughout Puerto Rico.

5. The defendant herein is Joseph P. McAuliffe, director of the Puerto Rico office of the Wage and Hour and Public Contracts Divisions, United States Department of Labor. Joseph P. McAuliffe is an employee of the United States, being a subordinate official of the Labor Department, whose functions, duties, and powers are limited. He supervises investigations of the wage and hour practices under the Fair Labor Standards Act of 1938, as amended, advises the public, employers and employees about their duties and rights under the Act, strictly following the interpretations and policies of the Department as to coverage and other features of the law. He cannot institute any action for enforcement on his own initiative and purported violations are submitted by him to his superiors in Washington with his recommendation as to possible action. He cannot grant or deny any exemption under the Act, render any determination relieving any person from the application of the Act, or render a binding pronouncement as to the Act's application on his own initiative. He is wholly without authority to institute civil or criminal proceedings. Civil proceedings are instituted by the Secretary of Labor, and criminal proceedings are instituted by the Attorney General of the United States. He does not set the policies of the Wage and Hour and Public Contracts Divisions by which he is employed; that is done by the Administrator of the aforesaid Divisions and the Secretary of Labor. In the performance of his duties, he follows the interpretations and policies of the Department and is required to rely on the advice of the Regional Attorney, who is not a member of his staff but is under the supervision of the Solicitor of Labor in Washington.

6. The controversy alleged by plaintiff in its action filed on April 30, 1968, stems from the fact that Joseph P. McAuliffe, in accordance with established Departmental policy, proceeded on April 8, 1968, to notify employees of Tejidos Konfort, Inc., concerning their rights under Sections 16(b) and 16(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 216(b) and 216 (c)): Said notification included a statement "that an employee may retain an attorney to enter suit for his back wages and may be awarded up to twice the amount due plus attorney's fees." As a result of said notification, plaintiff alleges that: (a) employees of Tejidos Konfort, Inc. could now elect venue under the Commonwealth of Puerto Rico statutes and thereby subject plaintiff to the jurisdiction of the Commonwealth courts; (b) the defendant "slammed the doors of agency review on the noses of the plaintiff, thus denying its right to a judicious and informative discussion of the issues"; and (c) defendant exceeded his authority, made the wrong determination and thereby raised a justiciable issue for determination by this Court. With reference to these allegations the Court finds:

(a) The Fair Labor Standards Act itself, not the defendant, confers jurisdiction on the courts in actions arising under that Act. Further, whether the employee has an independent right of action under Commonwealth law depends on the statutes of Puerto Rico, not on notification by defendant. Similarly, whether there is concurrent or unilateral jurisdiction over employee, wage claims must be resolved as a matter of law and not upon the fact that an employee received notification of his statutory rights from defendant.

(b) The facts contained in the pleadings and affidavits filed herein fail to support plaintiff's allegation concerning denial of agency review or discussion. On the contrary, said documents establish that plaintiff was afforded numerous opportunities to discuss and document this matter with representatives of defendant. Similarly, it is clear that at the time this action was filed by plaintiff, defendant had administratively closed the matter on the basis of plaintiff's assurance of future compliance and notification of plaintiff's employees of their rights under the Act.

(c) A determination as to the total scope of defendant's activity is unnecessary for resolution of this action. However, defendant notified the employees of plaintiff in accordance with established Departmental policy.

7. This is not an action for the payment of damages by the individual defendant.

## CONCLUSIONS OF LAW

■ 1. Plaintiff intended to bring this action against the Wage and Hour and Public Contracts Divisions of the United States Department of Labor or the United States Department of Labor itself or both. Therefore, the Secretary of Labor is an indispensable party. Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), rehearing denied 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514; Compañía de Ingenieros y Contratistas, Inc. v. Kelley, 176 F.Supp. 889 (D.C. P.R. No. 314–58, 1959), (C.A. 1, 1961), 289 F.2d 78; Quilichini v. Kelley, (D.C. P.R. No. 313–58, 1959), 176 F.Supp. 889, 289 F.2d 78 (C.A. 1, 1961); Rogers v. Skinner, 201 F.2d 521 (C.A. 5, 1953); Rogers v. B and B Vending Company, 250 F.2d 120 (C.A. 5, 1957); Southland Corporation et al. v. Shew and Rogers, 370 F.2d 376 (C.A. 5, 1966); Wohl Shoe Company v. Wirtz, 246 F.Supp. 821 (D.C. Mo.1965); F. S. Shoe Company v. Wirtz, 246 F.Supp. 821 (D.C.Mo.1965).

■ 2. Declaratory judgment action will not lie against a subordinate official in his official capacity to secure an adjudication binding upon his superior and in fact binding upon the Government in the execution of a statute unless the relief sought against the subordinate officer will put an end to the matter. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947); Trigo Bros. Packing Corp. v. Davis, 266 F.2d 174 (C.A. 1, 1959).

3. This action is against Joseph P. McAuliffe in his official capacity. Rogers v. Skinner, 201 F.2d 521 (C.A. 5, 1953); Rogers v. B and B Vending Company, 250 F.2d 120 (C.A. 5, 1957); Southland Corporation et al. v. Shew and Rogers, 370 F.2d 376 (C.A. 5, 1966); Compañía de Ingenieros y Contratistas, Inc. v. Kelley, 176 F.Supp. 889, (D.C. P.R. No. 314–58, 1959), (C.A. 1, 1961).

4. Joseph P. McAuliffe is a subordinate official of the United States Department of Labor whose functions, duties, and powers are limited. He cannot make the determinations or grant the relief sought by plaintiff in this action. Compañía Ingenieros y Contratistas, Inc. v. Kelley, 176 F.Supp. 889 (D.C.P.R. No. 314–58, 1959), (C.A. 1, 1961); Quilichini v. Kelley, (D.C.P.R. No. 313–58, 1959), 176 F.Supp. 889, 289 F.2d 78, (C.A. 1, 1961); Rogers v. Skinner, 201 F.2d 521 (C.A. 5, 1953); Rogers v. B and B Vending Company, 250 F.2d 120 (C.A. 5, 1957); Southland Corporation et al. v. Shew and Rogers, 370 F.2d 376 (C.A. 5, 1966).

5. The doctrine of sovereign immunity applies to actions against governmental officials acting in their official capacity, Wohl Shoe Company v. Wirtz, 246 F.Supp. 821 (D.C.Mo.1965) and F. S. Shoe Company v. Wirtz, 246 F.Supp. 821 (D.C.Mo.1965), except where the statute under which the officer is acting is unconstitutional, Ex parte Young, 209 U.S. 123, 155, 28 S.Ct. 441, 52 L.Ed. 714 (1908), or where the officer is acting in excess of his authority, Philadelphia Company v. Stimson, 223 U.S. 605, 619, 32 S.Ct. 340, 56 L.Ed. 570 (1912).

6. The constitutionality of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), was settled in 1941. United States v. Darby Lumber Co., 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609.

7. The defendant, in notifying plaintiff's employees of their rights under the Act (29 U.S.C. §§ 216(b) and 216(c)), was acting in accordance with expressed Departmental instructions, and within the scope of his authority, Rogers v. Skinner, 201 F.2d 521 (C.A. 5, 1953); Southland Corporation et al. v. Shew and Rogers, 370 F.2d 376 (C.A. 5, 1966).

8. Questions of exemption arising under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), are determinable in actions brought by the Secretary of Labor and not in actions brought under the Declaratory Judgment Act codified as 28 U.S.C. § 2201. Wohl Shoe Company v. Wirtz, 246 F.Supp. 821 (D.C.Mo. 1965); F. S. Shoe Company v. Wirtz, 246 F.Supp. 821 (D.C.Mo.1965).

9. No actual controversy exists between Tejidos Konfort, Inc. and Joseph P. McAuliffe, within the meaning of 28 U.S.C. § 2201, Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, (1949), rehearing denied 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514; Quilichini v. Kelley, 176 F.Supp. 889 (D.C.P.R. 1959), 289 F.2d 78 (C.A. 1, 1961); Compañia de Ingenieros y Contratistas, Inc. v. Kelley, 176 F.Supp. 889 (D.C. P.R.1959), 289 F.2d 78 (C.A. 1, 1961).

10. The 1962 enactment of 28 U.S.C. § 1361 and 28 U.S.C. § 1391(e) creates no new liabilities or new causes of action against the United States. Southland Corporation et al. v. Shew and Rogers, 370 F.2d 376 (C.A. 5, 1966); Senate Report No. 1992, 88th Congress, 1st Session, U.S.Code Cong.News (1962) pp. 2784, 2785.

11. The jurisdictional requirements of this Court were neither enlarged nor expanded by the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Lang v. Patent Tile Company, Inc., 216 F.2d 254 (C.A. 5, 1954).

12. The complaint of plaintiff fails to state a cause of action within the jurisdiction of this Court and must therefore be dismissed. Larson v. Do-

mestic & Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), rehearing denied 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514; Compañía de Ingenieros y Contratistas, Inc. v. Kelley, 176 F.Supp. 889 (D.C. P.R. No. 314–58, 1959), 289 F.2d 78, (C.A. 1, 1961); Quilichini v. Kelley, 176 F.Supp. 889, (D.C.P.R. No. 313–58, 1959), 289 F.2d 78 (C.A. 1, 1961).

Let order be entered in accordance with the foregoing Findings of Fact and Conclusions of Law.