**HOSPITAL SAN RAFAEL, INC., Plaintiff,**

v.

**MISIÓN SINDICAL de TRABAJADORES, Defendant.**

**Civ. No. 75–502.**

United States District Court, D. Puerto Rico.

March 2, 1976.

Bauzá & Dávila, San Juan, P. R., for plaintiff.

Luis M. Escribano-Díaz, Río Piedras, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

In the instant case plaintiff seeks a declaratory judgment from this Court. In the complaint it is averred that this is an action for declaratory judgment and injunction arising under Article VI of the Constitution of the United States, the Fifth and Fourteenth Amendments to the Constitution, and Titles 29, United States Code, Sections 201–219; 42, United States Code, Section 1983. It is further stated that jurisdiction is conferred on this Court by Title 28, United States Code, Sections 1331, 1337, 1343 and 2201. It is this last Section of Title 28, United States Code, which provides for the issuing of declaratory judgments by the Courts of the United States. This Section 2201 of Title 28, United States Code, reads as follows:—

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Plaintiff herein is engaged in the operation of a hospital in Puerto Rico and it alleges that defendant, Misión Sindical de Trabajadores, is a labor organization within the meaning of the Labor-Management Relations Act (T. 29, U.S.C. 152) and represents the practical nurses who work in plaintiff's hospital.

At issue is Mandatory Decree No. 4 (as amended) approved by the Minimum Wage Board of the Commonwealth of Puerto Rico. Said Decree established minimum wages, maximum working periods and working conditions for Hospital, Clinical or Sanatorium employees. In its Article V it established a guarantee of minimum weekly compensation computed by multiplying the rate per hour by 44. This Decree was modified by Mandatory Decree No. 41 of the Minimum Wage Board which now establishes the minimum wages for said employees and by Act No. 223 of July 23, 1974.

Plaintiff asserts that it is an employer subject to the Fair Labor Standards Act (29 U.S.C. Sections 201–219) which was amended in 1966 to extend its coverage to hospital employees effective February 1, 1967. According to the Fair Labor Standards Act plaintiff's employees would have to be paid at time-and-a-half their regular rate of pay for hours worked in excess of forty (40) a week.

It is averred that an actual controversy exists between plaintiff and defendant with respect to the validity and enforceability of the guarantee provisions of Article 4 of Mandatory Decree No. 4. It is stated that defendant had required plaintiff to comply with Article V of the Mandatory Decree and has requested from plaintiff, for the benefit of plaintiff's employees represented by defendant, the payment of back pay based on the contention that plaintiff is not complying with Article V of said Mandatory Decree No. 4, by not paying its employees a weekly wage not lower than that found by multiplying the wage per hour by forty four (44) hours. Plaintiff states that it has objected and rejected defendant's requests because it understands that Article V of the Mandatory Decree No. 4 is invalid and ineffective because it is unconstitution-

al and in conflict with the Fair Labor Standards Act.

Plaintiff contends that the provisions of Mandatory Decree No. 4 conflicts with the Fair Labor Standards Act and, therefore, are invalid under the provisions of Article VI, the Supremacy Clause of the Constitution of the United States. Plaintiff also contends that after the Fair Labor Standards Act was extended to hospital employees, the provisions of Article V of Mandatory Decree No. 4 are unreasonable, arbitrary and deprive plaintiff of its property without due process of law in violation of the Fifth and/or Fourteenth Amendment of the Constitution of the United States.

In the petition plaintiff requests that this Court issue a declaratory judgment holding in favor of plaintiff's contention which we have mentioned in the preceding paragraph. It is further asked that we issue a permanent injunction to enjoin defendant from in any manner enforcing, or attempting to enforce or apply Article V of Mandatory Decree No. 4 against plaintiff or in any other manner requiring or forcing, or attempting to force or require plaintiff to comply with said Article V.

Defendant herein has stated its opposition to the issuance of the requested summary judgment because plaintiff allegedly has a remedy under the effective collective bargaining agreement between the parties. Because the Court is constrained to dismiss this action for other reasons, we shall not discuss defendant's contention.

The Court has noticed it does not have jurisdiction to award the requested summary judgment in the present case. Plaintiff seeks to have Mandatory Decree No. 4 declared unconstitutional on various legal theories. Said Mandatory Decree was approved by the Minimum Wage Board of the Commonwealth of Puerto Rico pursuant to a statutory authorization to be found in Title 29, Laws of Puerto Rico Annotated, Section 245*l*(c).

The Minimum Wage Board of the Commonwealth of Puerto Rico was created pursuant to Title 29, Laws of Puerto Rico Annotated, Section 245(a) and is composed of three persons one of which shall be designated as Chairman of the Board. Title 29, Laws of Puerto Rico Annotated, Section 245a(b) provides that the chairman shall be supervised by the Secretary of Labor and under such supervision the chairman shall be the executive and administrative head of the Board, and all matters *of a purely administrative nature* shall be disposed of by him. (emphasis added).

Title 3, Laws of Puerto Rico Annotated, Section 312(n) provides that the Minimum Wage Board is a division or bureau attached to the Puerto Rico Labor Department. Section 306 of the above mentioned Title provides that the Secretary of Labor shall be the head of the Commonwealth Labor Department and shall be in charge of the administration and general supervision of said Department.

Thus, it becomes evident that in the statutory and regulatory framework which surrounds Mandatory Decree No. 4, the Secretary of Labor is the person who is in charge of its administration and implementation. The Secretary of Labor of the Commonwealth of Puerto Rico is not a party in the present action.

Plaintiff seeks a declaratory judgment holding Mandatory Decree No. 4 unconstitutional and further requests an injunction to halt the enforcement of Mandatory Decree No. 4. However, said injunction can not be directed to a person, defendant herein, who is not statutorily empowered to enforce, apply or required to comply with the Decree. We have seen that the Secretary of Labor is the person bound by law to enforce and administrate the Decree approved by the Minimum Wage Board.

In *Tejidos Konfort Inc. v. McAuliffe*, 290 F.Supp. 748 (D.C.P.R.1968), this Court dismissed a complaint which sought a declaratory judgment because the United States Secretary of Labor had not been made a part of the action when he was a necessary party to the same. In *Tejidos*, supra, the complaint was filed by an employer who requested that a judgment be awarded declaring that it was not covered by certain

provisions of the Fair Labor Standards Act. The named defendant in *Tejidos*, was Mr. Joseph P. McAuliffe, Regional Director, Wage and Hour and Public Contracts Divisions, U. S. Department of Labor. This Court held, inter alia, that Mr. McAuliffe was a subordinate official of the United States Department of Labor whose functions, duties, and powers were limited and who could not make the determinations or grant the relief sought by plaintiff in that action.

In *Rogers v. B & B Vending Co.*, 250 F.2d 120 (1957), the facts were almost identical to those stated in *Tejidos*. The Court of Appeals for the Fifth Circuit ratified what it had previously stated in *Rogers v. Skinner*, 201 F.2d 521:

"But however this may be, it is clear that in such a suit the Secretary of Labor is an indispensable party. The statute constitutes this officer the agent to insure its enforcement, and to do so it is necessary that investigations be made and that the question of coverage be determined. *Neither such investigations, nor acts following the determination of coverage, done in compliance with the authority afforded by the statute, if it is applicable, can be denominated illegal or enjoined merely upon the ground that a court, in a suit to which such officer is not a party, concludes that as a matter of law coverage does not exist . . .*" (emphasis added).

The present case presents a situation parallel to those described in *Tejidos* and *Rogers*, supra, even when in the case at bar the missing indispensable party is the Commonwealth Secretary of Labor. The legal principle involved is the same: the Court lacks jurisdiction because an indispensable party is absent and no effective legal remedy can be awarded by this Court, absent the Secretary of Labor.

The instant case presents an *a fortiori* situation to that present in *Tejidos* or *Rogers*, supra. *Tejidos'* and Rogers' defendants were subordinate officials of the United States Department of Labor, and at least a *prima facie* argument could be made to the effect that such officials had the duty to administer the statute upon which a declaratory judgment was sought. In the present case, not even a facial argument can be made to such effects. Defendant herein is a labor organization, and even though it has to comply with the labor laws of the Commonwealth of Puerto Rico, it is not empowered to administer or implement said laws. Such being the case, this Court lacks jurisdiction to grant relief. The complaint must be and is hereby dismissed. The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.